Jennifer Pafiti (SBN 282790)
**POMERANTZ LLP**
468 North Camden Drive
Beverly Hills, CA 90210
Telephone: (818) 532-6499
E-mail: jpafiti@pomlaw.com

- *additional counsel on signature page* –

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISRAEL SANCHEZ, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CENTENE CORP., MICHAEL F. NEIDORFF, and JEFFREY A. SCHWANEKE,<br><br>Defendants. | No. 2:16-cv-08469-AB-AGR<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF SUNIL CHAND AND AMIR SOFTIC FOR APPOINTMENT AS LEAD PLAINTIFFS AND APPROVAL OF COUNSEL**<br><br>DATE: February 13, 2017<br>TIME: 10:00 am<br>JUDGE: André Birotte Jr.<br>CTRM: 7B |

**TABLE OF CONTENTS**

I.    PRELIMINARY STATEMENT ................................................................................... 1

II.   STATEMENT OF FACTS .......................................................................................... 1

III.  ARGUMENT ............................................................................................................... 3

     A.    CHAND AND SOFTIC SHOULD BE APPOINTED LEAD PLAINTIFF ................................................................................................. 3

          1.    Chand and Softic are Willing to Serve as Class Representatives ....... 4

          2.    Chand and Softic have the "Largest Financial Interest" ..................... 4

          3.    Chand and Softic Otherwise Satisfy the Requirements of Rule 23 of the Federal Rules of Civil Procedure ................................................. 5

          4.    Chand and Softic Will Fairly and Adequately Represent the Interests of the Class and are Not Subject to Any Unique Defenses ............................................................................................... 8

     B.    LEAD PLAINTIFFS' SELECTION OF COUNSEL SHOULD BE APPROVED ................................................................................................... 8

IV.  CONCLUSION ............................................................................................................ 9

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Aronson v. McKesson HBOC, Inc.*,
 79 F. Supp. 2d 1146 (N.D. Cal. 1999) ................................................................................... 6

*Baby Neal v. Casey*,
 43 F.3d 48 (3d Cir. 1994) ....................................................................................................... 6

*Beck v. Maximus, Inc.*,
 457 F.3d 291 (3d Cir. 2006) ................................................................................................... 6

*Danis v. USN Communs., Inc.*,
 189 F.R.D. 391 (N.D. Ill. 1999) ............................................................................................. 6

*Erikson v. Cornerstone Propane Partners LP*,
 2003 U.S. Dist. LEXIS 18009 (N.D. Cal. Sept. 9, 2003) ...................................................... 3

*Gluck v. Cellstar Corp.*,
 976 F. Supp. 542 (N.D. Tex. 1997) ....................................................................................... 6

*In re Cendant Corp. Litig.*,
 264 F.3d 201 (3d Cir. 2001), cert. denied, 535 U.S. 929 (2002) ....................................... 5, 8

*In re Comverse Tech., Inc., Sec. Litig.*,
 2007 U.S. Dist. LEXIS 14878 (E.D.N.Y. Mar. 2, 2007) ........................................................ 5

*In re Gemstar-TV Guide Int'l. Sec. Litig.*,
 209 F.R.D. 447 (C.D. Cal. 2002) ........................................................................................... 4

*In re McKesson HBOC, Inc. Sec. Litig.*,
 97 F. Supp. 2d 993 (N.D. Cal. 1999) ..................................................................................... 5

*In re Northern Dist. Of Cal., Dalkon Shield IUD Prod. Liab. Litig.*,
 693 F.2d 847 (9th Cir. 1982) ................................................................................................. 7

*In re Olsten Corp. Sec. Litig.*,
 3 F. Supp.2d 286 (E.D.N.Y. 1998) .................................................................................... 5, 6

MEMORANDUM OF POINTS AND AUTHORITIES

ii

*In re Oxford Health Plans, Inc. Sec. Litig.*,
　182 F.R.D. 42 (S.D.N.Y. 1998) ............................................................................................. 6

*In re Sterling Financial Corp.*,
　2007 WL 4570729 (E.D. Pa. Dec. 21, 2007) ..................................................................... 6, 7

*Lax v. First Merchants Acceptance Corp.*,
　1997 WL 461036 (N.D. Ill. 1997) ....................................................................................... 4, 5

*Lerwill v. Inflight Motion Pictures, Inc.*,
　582 F.2d 507 (9th Cir. 1978) ................................................................................................ 7

*Osher v. Guess, Inc.*,
　2001 U.S. Dist. LEXIS 6057 (C.D. Cal. Apr. 26, 2001) ..................................................... 4, 8

*Riordan v. Smith Barney*,
　113 F.R.D. 60 (N.D. Ill. 1986) ............................................................................................. 7

*Squyres v. Union Texas Petroleum Holdings, Inc.*,
　1998 U.S. Dist. LEXIS 22945 (C.D. Cal. Nov. 2, 1998) ...................................................... 4

*Takeda v. Turbodyne Techs., Inc.*,
　67 F. Supp. 2d 1129 (C.D. Cal. 1999) ................................................................................. 7

*Wenderhold v. Cylink Corp.*,
　188 F.R.D.577 (N.D. Cal. 1999) .......................................................................................... 6

**<u>Statutes</u>**

15 U.S.C. § 78u-4(a)(3)(B)(i) &(ii) ............................................................................. *passim*

Private Securities Litigation Reform Act of 1995 ....................................................... *passim*

Securities Exchange Act of 1934 Section 21D(a)(3) ......................................................... 1

**<u>Rules</u>**

Federal Rules of Civil Procedure Rule 23 ................................................................... *passim*

Federal Rules of Civil Procedure Rule 42 .......................................................................... 1

**MEMORANDUM OF POINTS AND AUTHORITIES**

Sunil Chand and Amir Softic (collectively, "Chand and Softic") respectfully submit this Memorandum of Law in support of their motion, pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA") and Rule 42 of the Federal Rules of Civil Procedure, for the entry of an Order: (1) appointing Chand and Softic as Lead Plaintiffs on behalf of all persons and entities that purchased or otherwise acquired the securities of Centene Corporation ("Centene" or the "Company") between April 26, 2016 and September 6, 2016, both dates inclusive (the "Class Period"); (2) approving Lead Plaintiff's selection of Pomerantz LLP ("Pomerantz") as Lead Counsel for the Class; and (3) granting such other and further relief as the Court may deem just and proper.

## I. PRELIMINARY STATEMENT

Pursuant to the PSLRA, the Court is to appoint as lead plaintiff the movant who possesses the largest financial interest in the outcome of the action and who satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Chand and Softic, with losses of approximately $2,214 in connection with their purchases of Centene securities, have the largest financial interest in the relief sought in this action. Chand and Softic further satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure as they are adequate representatives with claims typical of the other Class members. Accordingly, Chand and Softic respectfully submit that they should be appointed Lead Plaintiffs.

## II. STATEMENT OF FACTS

Centene provides health plans in over twenty states through Medicaid, Medicare, and the Health Insurance Marketplace. On March 24, 2016, the Company completed the acquisition of Health Net, Inc. ("Health Net") for approximately $6 billion, including the assumption of debt. The acquisition was accounted for as a business combination, which

requires that assets acquired and liabilities assumed be recognized at their fair values as of the acquisition date.

Accordingly, on May 10, 2016, Centene provided financial information to investors concerning the completed acquisition of Health Net. Therein, the Company incorrectly accounted for Health Net's underperforming health plans, including by understating certain reserves to account for losses in California, Arizona and Oregon.

Throughout the Class Period, Defendants made materially false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects. Specifically, Defendants made false and/or misleading statements and/or failed to disclose: (1) that certain Health Net insurance programs were significantly underperforming; (2) that Health Net's insurance plans were generating material losses; (3) that Centene had overstated Health Net's financial prospects; and, (4) that, as a result of the foregoing, Defendants' statements about Centene's business, operations, and prospects, were false and misleading and/or lacked a reasonable basis.

On July 26, 2016, the Company filed a report with the SEC on Form 8K, stating that it was reserving approximately $300 million for losses associated with Health Net's insurance plan.

On this news, Centene's shares price fell $6.39 per share, or over 8%, to close at $68.87 per share on July 26, 2016, on unusually heavy trading volume.

Then on September 6, 2016, during the middle of the trading session, Leerink Partners, LLC ("Leerink") issued a report downgrading Centene stock due to underperformance of the Health Net legacy insurance programs, including Health Net's California substance abuse programs.

On this news the Company's shares fell $3.32 per share, or 5%, to close on September 6, 2016 at $65.30.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Chand and Softic and other Class members have suffered significant losses and damages.

**III.     ARGUMENT**

**A.     CHAND AND SOFTIC SHOULD BE APPOINTED LEAD PLAINTIFF**

Section 21D(a)(3)(B) of the PSLRA sets forth procedures for the selection of Lead Plaintiff in class actions brought under the Exchange Act.  The PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate.  15 U.S.C. § 78u-4(a)(3)(B)(i) &(ii).

Further, under 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), the Court is directed to consider all motions by plaintiffs or purported class members to appoint a lead plaintiff filed in response to any such notice.  Under this section, the Court "shall" appoint "the presumptively most adequate plaintiff" to serve as lead plaintiff and shall presume that plaintiff is the person or group of persons, that:

> (aa)  has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb)  in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc)  otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

As set forth below, Chand and Softic satisfy all three of these criteria, and are thus entitled to the presumption that they are the most adequate plaintiffs of the Class and, therefore, should be appointed Lead Plaintiffs for the Class. *See Erikson v. Cornerstone Propane Partners LP*, 2003 U.S. Dist. LEXIS 18009, at *8-*9 (N.D. Cal. Sept. 9, 2003);

*Squyres v. Union Texas Petroleum Holdings, Inc.*, 1998 U.S. Dist. LEXIS 22945, at *5 (C.D. Cal. Nov. 2, 1998); *Osher v. Guess, Inc.*, 2001 U.S. Dist. LEXIS 6057, at *11 (C.D. Cal. Apr. 26, 2001).

### 1. Chand and Softic are Willing to Serve as Class Representatives

On November 14, 2016, counsel for plaintiff in the above-captioned action caused a notice (the "Notice") to be published over *Business Wire* pursuant to Section 21D(a)(3)(A)(i) of the PSLRA, which announced that a securities class action had been filed against the defendants herein, and advised investors of Centene securities that they had until January 13, 2017 to file a motion to be appointed as Lead Plaintiff. *See* Declaration of J. Alexander Hood II in Support of the Motion of Sunil Chand and Amir Softic for Appointment as Lead Plaintiffs and Approval of Counsel ("Hood Decl."), Ex. A.

Chand and Softic have filed the instant motion pursuant to the Notice, and have attached Certifications attesting that they are willing to serve as class representatives for the Class and provide testimony at deposition and trial, if necessary. *See* Hood Decl., Ex. B. Accordingly, Chand and Softic satisfy the first requirement to serve as Lead Plaintiffs for the Class.

### 2. Chand and Softic have the "Largest Financial Interest"

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii); *In re Gemstar-TV Guide Int'l. Sec. Litig.*, 209 F.R.D. 447, 450 (C.D. Cal. 2002).

As of the time of the filing of this motion, Chand and Softic believe that they have the largest financial interest of any of the Lead Plaintiff movants based on the four factors articulated in the seminal case *Lax v. First Merchants Acceptance Corp.*, 1997 WL 461036, at *5 (N.D. Ill. 1997) (financial interest may be determined by (1) the number of shares purchased during the class period; (2) the number of net shares purchased during

the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered) (the "Lax-Olsten" factors).[1]

During the Class Period, Chand and Softic (1) purchased 740 shares of Centene stock; (2) expended $48,115 on their purchases of Centene securities; (3) retained all of their Centene shares; and (4) as a result of the revelations of the fraud, suffered a loss of $2,214.  *See* Hood Decl., Ex. C.  Because Chand and Softic possess the largest financial interest in the outcome of this litigation, they may be presumed to be the "most adequate" plaintiffs. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb); S*ee also In re McKesson HBOC, Inc. Sec. Litig.*, 97 F. Supp. 2d 993 (N.D. Cal. 1999); *In re Olsten Corp. Sec. Litig.*, 3 F. Supp.2d 286, 296 (E.D.N.Y. 1998); *Lax v. First Merchants Acceptance Corp.*, 1997 U.S. Dist. LEXIS 11866, 1997 WL 461036, at *5 (N.D. Ill. Aug. 11, 1997).

### 3. Chand and Softic Otherwise Satisfy the Requirements of Rule 23 of the Federal Rules of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, a Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure."  *See In re Cendant Corp. Litig.*, 264 F.3d 201, 263 (3d Cir. 2001), cert. denied, 535 U.S. 929 (2002).  Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied: (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification; instead, a prima facie showing that the movant satisfies the

---

[1] *See also In re Olsten Corp. Sec. Litig.*, 3 F. Supp.2d 286, 296 (E.D.N.Y. 1998). *Accord In re Comverse Tech., Inc., Sec. Litig.*, 2007 U.S. Dist. LEXIS 14878, at *22-*25 (E.D.N.Y. Mar. 2, 2007).

requirements of Rule 23 is sufficient.  *Aronson v. McKesson HBOC, Inc.*, 79 F. Supp. 2d 1146, 1158 (N.D. Cal. 1999) (citing *Wenderhold v. Cylink Corp.*, 188 F.R.D.577, 587 (N.D. Cal. 1999).  Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998) (citing *Gluck v. Cellstar Corp.*, 976 F. Supp. 542, 546 (N.D. Tex. 1997); *Olsten*, 3 F. Supp. 2d at 296.

The typicality requirement of Fed. R. Civ. P. 23(a)(3) is satisfied where the named representative's claims have the "same essential characteristics as the claims of the class at large." *Danis v. USN Communs., Inc.*, 189 F.R.D. 391, 395 (N.D. Ill. 1999). *See In re Sterling Financial Corp.*, 2007 WL 4570729, at *4 (E.D. Pa. Dec. 21, 2007) (noting that the "typicality requirement is satisfied if the plaintiff, as a result of the same course of conduct, suffered the injuries as the absent class members, and their claims are based on the same legal issues.").  In other words, "the named plaintiffs' claims [must be] typical, in common-sense terms, of the class, thus suggesting that the incentives of the plaintiffs are aligned with those of the class." *Beck v. Maximus, Inc.*, 457 F.3d 291, 295-96 (3d Cir. 2006) (quoting *Baby Neal v. Casey*, 43 F.3d 48, 55 (3d Cir. 1994) (noting that "factual differences will not render a claim atypical if the claim arises from the same event or practice or course of conduct that gives rise to the claims of the class members, and if it is based on the same legal theory.")).

The claims of Chand and Softic are typical of those of the Class.  Chand and Softic allege, as do all class members, that defendants violated the Exchange Act by making what they knew or should have known were false or misleading statements of material facts concerning Centene, or omitted to state material facts necessary to make the statements they did make not misleading.  Chand and Softic, as did all members of the Class, purchased Centene securities during the Class Period at prices artificially inflated by defendants' misrepresentations or omissions and were damaged upon the disclosure of those misrepresentations and/or omissions.  These shared claims, which are based on

the same legal theory and arise from the same events and course of conduct as the Class's claims, satisfy the typicality requirement of Rule 23(a)(3).

The adequacy of representation requirement of Rule 23(a)(4) is satisfied where it is established that a representative party "will fairly and adequately protect the interests of the class." Accordingly,

> The Ninth Circuit has held that representation is "adequate" when counsel for the class is qualified and competent, the representative's interests are not antagonistic to the interests of absent class members, and it is unlikely that the action is collusive.

*Takeda v. Turbodyne Techs., Inc.*, 67 F. Supp. 2d 1129, 1137 (C.D. Cal. 1999)(citing *In re Northern Dist. Of Cal., Dalkon Shield IUD Prod. Liab. Litig.*, 693 F.2d 847, 855 (9th Cir. 1982)). *Accord Lerwill v. Inflight Motion Pictures, Inc.*, 582 F.2d 507, 512 (9th Cir. 1978).

The class representative must also have "sufficient interest in the outcome of the case to ensure vigorous advocacy." *Riordan v. Smith Barney*, 113 F.R.D. 60, 64 (N.D. Ill. 1986). *See Sterling*, 2007 WL 4570729, at *4 (highlighting that the adequacy requirement is satisfied when "both the class representative and its attorneys are capable of satisfying their obligations, and neither has interests conflicting with those of the other class members.").

Chand and Softic will adequately represent the interests of the Class. There is no antagonism between the interests of Chand and Softic and those of the Class, and their losses demonstrate that they have a sufficient interest in the outcome of this litigation. Moreover, Chand and Softic have retained counsel highly experienced in vigorously and efficiently prosecuting securities class actions such as this action, and submit their choice to the Court for approval pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

### 4. Chand and Softic Will Fairly and Adequately Represent the Interests of the Class and are Not Subject to Any Unique Defenses

The presumption in favor of appointing Chand and Softic as Lead Plaintiff may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

> (aa) will not fairly and adequately protect the interest of the class; or
>
> (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(b)(iii)(I).

The ability and desire of Chand and Softic to fairly and adequately represent the Class has been discussed above. Chand and Softic are not aware of any unique defenses defendants could raise that would render them inadequate to represent the Class. Accordingly, Chand and Softic should be appointed Lead Plaintiffs for the Class.

### B.   LEAD PLAINTIFFS' SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain Lead Counsel, subject to the approval of the Court.  15 U.S.C. § 78u-4(a)(3)(B)(v); *Osher*, 2001 U.S. Dist. LEXIS 6057, at *15.  The Court should interfere with Lead Plaintiff's selection only when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).  *See Cendant*, 264 F.3d at 276 (emphasizing that the PSLRA "evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention.").

Here, Chand and Softic have selected Pomerantz as Lead Counsel. Pomerantz is highly experienced in the area of securities litigation and class actions, and has successfully prosecuted numerous securities litigations and securities fraud class actions

on behalf of investors, as detailed in the firm's resume. *See* Hood Decl., Ex. D. As a result of the firm's extensive experience in litigation involving issues similar to those raised in this action, Chand and Softic' counsel have the skill and knowledge which will enable them to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving Chand and Softic' selection of Counsel, the members of the class will receive the best legal representation available.

## IV.  CONCLUSION

For the foregoing reasons, Chand and Softic respectfully request that the Court issue an Order: (1) appointing Chand and Softic as Lead Plaintiffs; (2) approving Pomerantz as Lead Counsel for the Class; and (3) granting such other relief as the Court may deem to be just and proper.

Dated: January 13, 2017

**POMERANTZ  LLP**

*/s/ Jennifer Pafiti*
Jennifer Pafiti (SBN 282790)
468 North Camden Drive
Beverly Hills, CA 90210
Telephone: (818) 532-6499
E-mail: jpafiti@pomlaw.com

**POMERANTZ LLP**
Jeremy A. Lieberman
J. Alexander Hood II
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: 212-661-1100
Facsimile:  212-661-8665

**POMERANTZ LLP**
Patrick V. Dahlstrom
10 South LaSalle Street, Suite 3505
Chicago, IL 60603
Telephone: 312-377-1181
Facsimile:  312-377-1184

*Counsel for Movant and*
*Proposed Lead Counsel for the Class*

## CERTIFICATE OF SERVICE

I hereby certify that on January 13, 2017, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

*/s/     Jennifer Pafiti*
Jennifer Pafiti

MEMORANDUM OF POINTS AND AUTHORITIES
1