**GLANCY PRONGAY & MURRAY LLP**
LIONEL Z. GLANCY (#134180)
ROBERT V. PRONGAY (#270796)
LESLEY F. PORTNOY (#304851)
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile:  (310) 201-9160
Email: info@glancylaw.com

*Attorneys for Movant and*
*Proposed Lead Counsel for the Class*
[Additional counsel on signature page]

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ISRAEL SANCHEZ, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CENTENE CORP., MICHAEL F. NEIDORFF, and JEFFREY A. SCHWANEKE,<br><br>Defendants. | Case No.: 2:16-cv-08469-AB-AGR<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF RICHARD P. WOLSFELD, JR. FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL**<br><br>Date: February 13, 2017<br>Time: 10:00 a.m.<br>Crtm: 7B<br>Judge: Honorable Andre Birotte Jr. |

Richard P. Wolsfeld, Jr. ("Wolsfeld" or "Movant"), moves this Court for an order: (1) appointing Wolsfeld as Lead Plaintiff on behalf of all persons or entities who purchased publicly traded securities of Centene Corp. ("Centene" or the "Company") on a U.S. securities exchange or pursuant to a Registration Statement in the United States from April 26, 2016 to September 6, 2016, inclusive (the "Class Period"); (2) approving Lead Plaintiff's selection of Glancy Prongay & Murray LLP ("Glancy") as Lead Counsel and (3) granting such other and further relief as the Court may deem just and proper.

**PRELIMINARY STATEMENT**

Presently pending before the Court is the above captioned action (the "Action") brought on behalf of all persons and entities, other than defendants and their affiliates, who purchased publicly traded securities of Centene on a U.S. securities exchange or pursuant to a U.S. Registration Statement during the Class Period.  The Action is brought pursuant to §§10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), and Securities and Exchange Commission Rule 10b-5, 17 C.F.R. §240.10b-5.

Pursuant to the PSLRA, the court shall appoint as lead plaintiff the movant that possesses the largest financial interest in the outcome of the action and that satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Wolsfeld, with losses of approximately $8,850.62 in connection with his purchases of Centene securities during the Class Period, is adequate and typical to

serve as Lead Plaintiff. Movant believes that he is the "most adequate plaintiff" as defined by the PSLRA and should be appointed Lead Plaintiff in this action. Movant believes that he has the largest financial interest in the relief sought in this action by virtue of his substantial investments in Centene during the Class Period and the loss he suffered as a result of Defendants' misconduct. Movant further satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure because he is an adequate representative with claims typical of the other Class members. Accordingly, Movant respectfully submits that he should be appointed Lead Plaintiff.

## FACTUAL BACKGROUND

Centene provides health plans in over twenty states through Medicaid, Medicare, and the Health Insurance Marketplace.

During the Class Period, defendants made materially false and/or misleading statements and/or failed to disclose material adverse facts about the Company's business, operations, and prospects. Specifically, these statements were false and/or misleading statements and/or failed to disclose: (1) that certain Health Net insurance programs were significantly underperforming; (2) that Health Net's insurance plans were generating material losses; (3) that Centene had overstated Health Net's financial prospects; and, (4) that, as a result of the foregoing, Defendants' statements about Centene's business, operations, and prospects, were false and misleading and/or lacked a reasonable basis

Indeed, for example, On July 26, 2016, the Company filed a report with the SEC

on Form 8K, stating that it was reserving approximately $300 million for losses associated with Health Net's insurance plan. The Company stated in relevant part:

> In connection with the Company's second quarter 2016 earnings conference call on July 26, 2016, the Company discussed the fair value of the premium deficiency reserve of approximately $300 million recorded in connection with the Health Net acquisition. The fair value of the premium deficiency reserve is comprised of the following:
> 
> - $125 million associated with the California commercial business. $50 million of which is associated with substance abuse treatment facilities. We have filed for a combination of price increases and benefit design changes including reductions in reimbursement for out of network services. We are in the final stages of approval with the California Department of Insurance, which will be concluded by the end of the third quarter of 2016.
> 
> - $70 million associated with the Arizona individual commercial business. We will exit the entire individual PPO business, effective January 1, 2017. We are reducing our participation in the health insurance marketplace business to one county for 2017 and have taken significant rate actions.
> 
> - $70 million associated with the Medicare business. The 2017 bids have been submitted and should return the business to profitability in 2017.
> 
> - $15 million associated with the Arizona Medicaid business. We have fully transitioned this business to Centene's operating platform as of July 1, 2016, and we have taken appropriate actions to improve performance.
> 
> - $20 million of other smaller items including the Arizona small group and Oregon individual business. We have filed for rate increases and taken other appropriate actions to address these for 2017.

On this news, Centene's shares price fell $6.39 per share, or over 8%, to close at $68.87 per share on July 26, 2016, on unusually heavy trading volume.

Then on September 6, 2016, during the middle of the trading session, Leerink Partners, LLC ("Leerink") issued a report downgrading Centene stock due to underperformance of the Health Net legacy insurance programs, including Health Net's

California substance abuse programs.

On this news the Company's shares fell $3.32 per share, or 5%, to close on September 6, 2016 at $65.30.

## ARGUMENT

**I.  MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF**

Section 21D(a)(3)(B) of the PSLRA sets forth procedures for the selection of a Lead Plaintiff in class actions brought under the Exchange Act.  The PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate.  15 U.S.C. § 78u-4(a)(3)(B)(i) & (ii).

Under 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), the Court is directed to consider all motions by plaintiffs or purported class members to appoint lead plaintiffs filed in response to any such notice.  Under this section, the Court "shall" appoint "the presumptively most adequate plaintiff" to serve as lead plaintiff and shall presume that plaintiff is the person or group of persons, that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002).

As set forth below, Movant satisfies all three of these criteria and thus is entitled to the presumption that it is the most adequate plaintiff and thus should be appointed Lead Plaintiff.

### A. Movant's Motion Is Timely

On November 14, 2016, counsel in the action caused a notice ("Notice") to be published over *Business Wire* pursuant to Section 21D(a)(3)(A)(i) of the PSLRA, which announced that a securities class action had been filed against the defendants and advised Centene investors that they had until January 13, 2017 to file a lead plaintiff motion. *See* Declaration of Robert V. Prongay in Support of the Motion of Movant for Appointment as Lead Plaintiff and Approval of Selection of Counsel ("Prongay Decl."), Exhibit A.

Movant has filed the instant motion pursuant to the Notice, and has attached a Certification attesting his willingness to serve as representative parties for the Class and to provide testimony at deposition and trial, if necessary. *See* Prongay Decl., Exhibit B. Thus, Movant satisfies the first requirement to serve as Lead Plaintiff.

### B. Movant Has the "Largest Financial Interest"

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial

interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii); *see Cavanaugh*, 306 F.3d at 730.

At the time of this filing, Movant believes to have the largest financial interest among Class members who filed timely applications for appointment as lead plaintiff and are presumed to be the "most adequate plaintiff."

Movant has suffered a loss of over $8,850 as a result of the revelations of the alleged fraud committed by the defendants. *See* Prongay Decl., Exhibit C. To the best of his knowledge, Movant is not aware of any other Class member claiming larger financial losses that have filed a motion for appointment as lead plaintiff. Movant believes he has the "largest financial interest in the relief sought by the Class." Thus, Movant satisfies the second PSLRA requirement – the largest financial interest – to be appointed as lead plaintiff for the Class. *See Varghese,* 589 F. Supp. 2d at 396.

### C. Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the litigation, a lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the

representative parties will fairly and adequately protect the interests of the class.

In making its determination that a Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification; instead a *prima facie* showing that the movant satisfies the requirements of Rule 23 is sufficient. When making this evaluation, the Court need only evaluate the adequacy and typicality requirements of Rule 23. *See, e.g., Mallen v. Alphatec Holding, Inc.*, Case No. 10-cv-1673-BEN (CAB), 2011 U.S. Dist. LEXIS 4782, at *4 (S.D. Cal. Jan. 19, 2011) (explaining that "the inquiry at this stage of the litigation is not as searching as the one triggered by a motion for class certification, [but] the proposed lead plaintiff must make at least a preliminary showing that it meets the typicality and adequacy factors."); *Takeda v. Turbodyne Techs., Inc.*, 67 F. Supp. 2d 1129, 1136 (C.D. Cal. 1999) (explaining courts should focus on the adequacy and typicality requirements of Rule 23 when evaluating lead plaintiffs).

### 1.  **Movant Is Typical of the Class**

The typicality requirement of Fed. R. Civ. P. 23(a)(3) is satisfied where the named representative's claims have the "same essential characteristics as the claims of the class at large."  *Danis v. USN Communs., Inc.*, 189 F.R.D. 391, 395 (N.D. Ill. 1999).  *See Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992). Typicality does not require that there be no factual differences between the class representatives and the class members because it is the generalized nature of the claims

asserted which determines whether the class representatives are typical. The Ninth Circuit has held "representative claims are 'typical' if they are reasonably coextensive with those of absent class members; they need not be substantially identical." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998).

Movant's claims are typical of those of the Class. It alleges, as do all class members, that Defendants violated the Exchange Act by making what they knew or should have known were false or misleading statements of material facts concerning Centene, or omitted to state material facts necessary to make the statements they did make not misleading. Movant, as did all members of the Class, purchased securities of Centene during the Class Period at prices artificially inflated by Defendants' misrepresentations or omissions and were damaged upon the disclosure of the truth regarding those misrepresentations and/or omissions. These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the class claims, satisfy the typicality requirement of Rule 23(a)(3).

### 2.     **Movant Will Fairly and Adequately Represent the Class**

The adequacy of representation requirement of Rule 23(a)(4) is satisfied where it is established that a representative party "will fairly and adequately protect the interests of the class." The class representative must also have "sufficient interest in the outcome to ensure vigorous advocacy." *Riordan v. Smith Barney*, 113 F.R.D. 60, 62, 64 (N.D. Ill. 1986). *See Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003) (noting that the adequacy requirement is met when there is no conflicts of interest between the

asserted which determines whether the class representatives are typical. The Ninth Circuit has held "representative claims are 'typical' if they are reasonably coextensive with those of absent class members; they need not be substantially identical." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998).

Movant's claims are typical of those of the Class. It alleges, as do all class members, that Defendants violated the Exchange Act by making what they knew or should have known were false or misleading statements of material facts concerning Centene, or omitted to state material facts necessary to make the statements they did make not misleading. Movant, as did all members of the Class, purchased securities of Centene during the Class Period at prices artificially inflated by Defendants' misrepresentations or omissions and were damaged upon the disclosure of the truth regarding those misrepresentations and/or omissions. These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the class claims, satisfy the typicality requirement of Rule 23(a)(3).

### 2.     **Movant Will Fairly and Adequately Represent the Class**

The adequacy of representation requirement of Rule 23(a)(4) is satisfied where it is established that a representative party "will fairly and adequately protect the interests of the class." The class representative must also have "sufficient interest in the outcome to ensure vigorous advocacy." *Riordan v. Smith Barney*, 113 F.R.D. 60, 62, 64 (N.D. Ill. 1986). *See Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003) (noting that the adequacy requirement is met when there is no conflicts of interest between the

representative plaintiff and the class and when the representative and its counsel will "prosecute the action vigorously on behalf of the class."

The Movant is an adequate representative for the Class. There is no antagonism between their interests and those of the Class, and Movant's losses demonstrate that it has a sufficient interest in the outcome of this litigation. Movant is not subject to any unique defenses and, as discussed below, has retained counsel highly experienced in vigorously and efficiently prosecuting securities class actions such as this action.

## II.  LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should not interfere with Lead Plaintiff's selection of counsel unless necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa); *Cavanaugh*, 306 F.3d at 734-35.

Movant has selected Glancy Prongay & Murray LLP as Lead Counsel. Glancy Prongay & Murray LLP are highly experienced in the area of securities litigation and class actions, and have successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors as detailed in its attached resume. *See* Prongay Decl., Exhibit D. As a result of the firms' extensive experience in litigation involving issues similar to those raised in this action, Lead Plaintiff's counsel have the skill and knowledge which will enable them to prosecute this action

effectively and expeditiously.  Thus, the Court may be assured that by approving their selection of Lead Counsel, the members of the Class will receive the best legal representation available.

## CONCLUSION

For the foregoing reasons, Movant respectfully requests the Court to issue an Order (1) appointing Movant as Lead Plaintiff; (2) approving Glancy Prongay & Murray LLP as Lead Counsel; and (3) granting such other relief as is deemed just and proper.

Dated:  January 13, 2017

Respectfully submitted,

GLANCY PRONGAY & MURRAY LLP

By:  *s/ Robert V. Prongay*
Lionel Z. Glancy
Robert V. Prongay
Lesley F. Portnoy
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Phone: (310) 201-9150
Facsimile: (310) 201-9160
Email:  info@glancylaw.com

*Attorneys for Movant and Proposed Lead Counsel for the Class*

**PROOF OF SERVICE BY ELECTRONIC POSTING**

I, the undersigned say:

I am not a party to the above case, and am over eighteen years old.  On January 13, 2017, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Central District of California, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on January 13, 2017, at Los Angeles, California.

*s/ Robert V. Prongay*
Robert V. Prongay

# Mailing Information for a Case 2:16-cv-08469-AB-AGR Israel Sanchez v. Centene Corp. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Lionel Zevi Glancy**
  lglancy@glancylaw.com

- **Charles Henry Linehan**
  clinehan@glancylaw.com

- **Peter Bradley Morrison**
  peter.morrison@skadden.com,alejandra.lopez@skadden.com,shannon.cooper@skadden.com,brigitte.travaglini@skadden.com

- **Lesley F Portnoy**
  LPortnoy@glancylaw.com

- **Robert Vincent Prongay**
  rprongay@glancylaw.com,CLinehan@glancylaw.com,info@glancylaw.com,echang@glancylaw.com,bmurray@glancylaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)