IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ISRAEL SANCHEZ, Individually and On Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br><br>    v.<br><br>CENTENE CORP., MICHAEL F. NEIDORFF, and JEFFREY A. SCHWANEKE,<br><br>        Defendants. | Case No. 4:17-cv-00806-AGF<br><br>**Oral Argument Requested** |

## DEFENDANTS' MOTION TO DISMISS THE COMPLAINT

Pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6), Defendants Centene Corp., Michael F. Neidorff and Jeffrey A. Schwaneke respectfully move this Court for an Order dismissing the Consolidated Class Action Complaint (ECF No. 66) in its entirety with prejudice. This motion is based on the accompanying Memorandum of Law, the accompanying Declaration of Christopher A. Smith, dated September 15, 2017, and exhibits thereto, and all prior pleadings and proceedings in this matter.  In support of this motion, Defendants state as follows:

1.      This putative securities fraud class action arises out of the $6.8 billion merger of two publicly traded health insurance companies—Centene Corporation and Health Net, Inc.— and Centene's subsequent accounting therefor.  Plaintiff alleges that one month after the merger, Centene released preliminary estimates for the value of the assets acquired and liabilities assumed from Health Net as part of Centene's first quarter financials.  Defendants expressly cautioned that their valuation analysis was "incomplete" and the estimates were "high level," "provisional" and "subject to change."  When Centene released its second quarter report three months later, it updated some of these provisional estimates based on the additional valuation analysis it had done in the interim.  This update included increasing the value of certain Health

Net liabilities based on product issues that pre-dated the merger. Plaintiff now claims (1) that the second quarter update rendered false and misleading the first quarter's "provisional estimates" that were "subject to change," and (2) that Defendants had a duty to disclose the underlying product issues giving rise to the liabilities sooner than they did. As summarized below and explained more fully in the accompanying Memorandum of Law, neither theory states a claim for securities fraud.

2. First, Plaintiff fails to state a claim for securities fraud because it fails to allege any actionable misstatement or omission. The fact that later estimates are different than prior ones does not mean that the prior ones were inaccurate based on the information known at that time, much less deliberately so. The provisional estimates Centene provided with its first quarter report are not actionable because (1) Plaintiff alleges no facts that show the estimates were false at the time made, let alone that Defendants knew this was the case; and (2) purchase price accounting estimates are statements of opinion, and Plaintiff fails to allege, as it must, that Defendants did not believe those opinions at the time. Plaintiff also fails to allege that Centene's accounting violated any GAAP provision or that Defendants were required to disclose any underlying product issues causing the increased liabilities estimates sooner than they did.

3. Second, and separately, Plaintiff also fails to state a claim for securities fraud because it fails to allege facts giving rise to a strong inference of scienter—an intent to defraud. Plaintiff contends that Defendants devised a scheme to buy a company they secretly knew was not as profitable as advertised, and purposefully underestimated the assumed liabilities to investors, only to voluntarily "reveal the truth" just three months later. But Plaintiff has not, because it cannot, alleged *why* Defendants would do such a thing. The Complaint is devoid of any allegation of motive or benefit the Defendants obtained from this alleged fraud. Indeed,

Plaintiff fails to allege any facts, such as a confidential witness statement or an internal company document, to support its conclusory assertion that Defendants knew that their preliminary estimates undervalued Health Net's liabilities.  On the contrary, the Complaint supports a far more compelling inference of non-fraudulent intent:  Centene engaged in a complex and time-consuming accounting for each of the assets and liabilities in a $6.8 billion merger and regularly updated the market on its estimate of that accounting as it completed more of its valuation.

WHEREFORE, Defendants respectfully request that this Court dismiss the Complaint with prejudice.

Dated:  September 15, 2017

Respectfully submitted,

HUSCH BLACKWELL LLP

By: /s/ Christopher A. Smith
Joseph P. Conran, #21635MO
Christopher A. Smith, #53266MO
190 Carondelet Plaza, Suite 600
St. Louis, MO 63105
Tel: (314) 480-1500
Fax: (314) 480-1505
joe.conran@huschblackwell.com
chris.smith@huschblackwell.com

Jay B. Kasner (*pro hac vice*)
Scott D. Musoff (*pro hac vice*)
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
Four Times Square
New York, NY 10036
Tel: (212) 735-3000
Fax: (212) 735-2000
jay.kasner@skadden.com
scott.musoff@skadden.com

Peter B. Morrison (*pro hac vice*)
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
300 South Grand Avenue, Suite 3400
Los Angeles, CA 90071

Tel: (213) 687-5000
Fax: (213) 687-5600
peter.morrison@skadden.com

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 15th day of September, 2017 a copy of the foregoing document was filed with the Clerk of the Court to be served upon counsel of record via the Court's ECF system.

                                                /s/ Christopher A. Smith