**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| ISRAEL SANCHEZ, Individually and On Behalf of All Others Similarly Situated, | Case No. 4:17-cv-00806-AGF |
| Plaintiff, | |
| v. | |
| CENTENE CORP., MICHAEL F. NEIDORFF, and JEFFREY A. SCHWANEKE, | |
| Defendants. | |

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO CONSOLIDATED CLASS ACTION COMPLAINT

COMES NOW, Defendants Centene Corporation ("Centene"), Michael F. Neidorff ("Neidorff") and Jeffrey A. Schwaneke ("Schwaneke") (collectively, "Defendants"), by and through their undersigned counsel, and respectfully submit their Answer and Affirmative Defenses ("Answer") to the Consolidated Class Action Complaint ("Complaint") (ECF No. 66) filed by Lead Plaintiff Louisiana Sheriffs' Pension & Relief Fund ("Plaintiff"). Defendants deny all of the Complaint's allegations unless expressly admitted herein. The first non-numbered paragraph of the Complaint reflects Plaintiff's characterization of its own allegations to which no response is required. To the extent a response is required, Defendants deny those allegations. Defendants answer the allegations in the like-numbered paragraphs of the Complaint as follows:

## I.  INTRODUCTION[1]

1.     Defendants deny the allegations contained in paragraph 1 of the Complaint, except admit that (i) Centene, through subsidiaries, provides health plan coverage to individuals through government subsidized and commercial programs, and (ii) Plaintiff has named Centene, Neidorff and Schwaneke as Defendants in this action in which Plaintiff purports to assert claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934.

2.     Defendants admit that on July 2, 2015, Centene and Health Net, Inc. ("Health Net") announced that the Boards of Directors of both companies had unanimously approved a definitive agreement under which Centene would acquire all of the shares of Health Net in a cash and stock transaction. Defendants further state that, at the time, Health Net was a publicly traded managed care organization that delivered managed health care services through health plans and government-sponsored managed care plans. Defendants refer to the July 2, 2015 press release for its complete and accurate contents. Defendants deny any paraphrasing, summarizing or characterization of the press release and any factual inferences or legal conclusions made by

---

[1] The headings and subheadings set forth in this Answer are the headings and subheadings set forth in Plaintiff's Complaint, for reference purposes only. The headings and subheadings do not contain allegations of fact to which a response is required. To the extent a response is required, Defendants deny the allegations contained in each and every heading and subheading of the Complaint, including those set off by roman numeral, letter and number.

Plaintiff based on the press release. Defendants deny any remaining allegations contained in paragraph 2 of the Complaint.

3.    Defendants deny the allegations contained in paragraph 3 of the Complaint, except admit that (i) Centene stated in its September 21, 2015 Joint Proxy Statement ("Joint Proxy Statement") that it commenced due diligence with respect to the merger in June 2015, (ii) Centene stated in the Joint Proxy Statement that it expected to complete the transaction by early 2016, and (iii) the transaction closed on March 24, 2016 after Centene had received all necessary regulatory approvals. Centene refers to the Joint Proxy Statement for its complete and accurate contents.

4.    Defendants deny the allegations contained in paragraph 4 of the Complaint. Defendants refer to the Joint Proxy Statement, September 17, 2015 Form S-4/A registration statement, and January 26, 2016 Form 8-K for their complete and accurate contents. Defendants deny any paraphrasing, summarizing or characterization of those filings and any factual inferences or legal conclusions made by Plaintiff based on those filings.

5.    Defendants admit that Neidorff and Schwaneke participated in Centene's June 17, 2016 Investor Day. Defendants refer to the transcript from Investor Day for its complete and accurate contents. Defendants deny any paraphrasing, summarizing or characterization of the transcript and any factual inferences or legal conclusions made by Plaintiff based on the transcript. Defendants deny any remaining allegations contained in paragraph 5 of the Complaint.

6.    Defendants deny the allegations contained in paragraph 6 of the Complaint.

7.    Defendants deny the allegations contained in paragraph 7 of the Complaint, except admit that (i) on July 26, 2016, Centene filed with the SEC a Form 10-Q and Form 8-K and Neidorff participated in an earnings call, and (ii) on July 28, 2016, Neidorff was interviewed by Jim Cramer. Defendants refer to those SEC filings and transcripts for their complete and accurate contents. Defendants deny any paraphrasing, summarizing or characterization of those

filings or transcripts and any factual inferences or legal conclusions made by Plaintiff based on those filings or transcripts.

8.      Defendants deny the allegations contained in paragraph 8 of the Complaint.

9.      Defendants deny the allegations contained in paragraph 9 of the Complaint. Defendants refer to Centene's publicly available stock price information for its complete and accurate contents. Defendants also deny any paraphrasing, summarizing or characterization of the unidentified purported "analyst" reports referenced in paragraph 9 and further deny any factual inferences or legal conclusions made by Plaintiff based on such purported "analyst" reports.

10.     Defendants deny the allegations contained in paragraph 10 of the Complaint.

## II.   JURISDICTION AND VENUE

11.     The allegations contained in paragraph 11 of the Complaint state legal conclusions to which no response is required.

12.     The allegations in the first sentence of paragraph 12 of the Complaint state legal conclusions to which no response is required. Defendants deny the remaining allegations contained in paragraph 12 of the Complaint, but admit that Centene is headquartered in St. Louis, Missouri.

13.     The allegations contained in paragraph 13 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 13 of the Complaint.

## III.  THE PARTIES

### A.    Plaintiff

14.     Defendants admit that on May 1, 2017, the Court appointed Plaintiff as Lead Plaintiff in this action pursuant 15 U.S.C. § 78u-4(a)(3)(B). Defendants deny that Plaintiff has suffered any damages as a result of violations of the federal securities laws. As to the remaining allegations contained in paragraph 14 of the Complaint, Defendants lack knowledge or

information sufficient to form a belief as to the truth of those allegations, and therefore deny them.

**B.    Defendants**

15.    Defendants admit that Centene is incorporated in Delaware and that Centene's headquarters are at 7700 Forsyth Boulevard, St. Louis, Missouri. Defendants further admit that Centene's common stock trades on the New York Stock Exchange under the ticker symbol "CNC." Defendants also admit that Centene, through subsidiaries, sells health insurance in multiple states in the United States, including through Medicaid, Medicare, Medi-Cal and commercial products. Defendants deny all remaining allegations contained in paragraph 15 of the Complaint not specifically admitted herein.

16.    Defendants deny the allegations contained in paragraph 16 of the Complaint, except admit that (i) Neidorff is Centene's Chairman, Chief Executive Officer and President, and (ii) Neidorff signed Centene's annual reports on Form 10-K for the years 2014 to 2016.

17.    Defendants admit that, from July 2008 to March 2016, Schwaneke served as Centene's Senior Vice President and Corporate Controller. Defendants further admit that, from September 2008 to March 2016, Schwaneke served as Centene's Chief Accounting Officer. Defendants deny any remaining allegations contained in the first sentence of paragraph 17 of the Complaint. Defendants admit that, in March 2016, Schwaneke was appointed Centene's Chief Financial Officer, Executive Vice President and Treasurer. Defendants deny any remaining allegations contained in the second sentence of paragraph 17 of the Complaint. Defendants admit that Schwaneke signed Centene's annual reports on Form 10-K for the years 2014, 2015 and 2016. Defendants deny any remaining allegations contained in the third sentence of paragraph 17 of the Complaint. Defendants aver that the allegations contained in the fourth sentence of paragraph 17 of the Complaint have been dismissed by the Court's August 30, 2019 Order and therefore no response is required. Defendants deny the allegations contained in the fifth sentence of paragraph 17 of the Complaint, except admit that on April 29, 2016, Centene filed with the SEC a Form 8-K stating that, on April 26, 2016, Centene appointed Christopher R. Isaak to

Senior Vice President, Corporate Controller and Chief Accounting Officer. Defendants admit the allegations contained in the sixth sentence of paragraph 17 of the Complaint.

18.     The allegations contained in paragraph 18 of the Complaint are Plaintiff's characterizations of the Complaint and conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 18 of the Complaint.

## IV.   SUMMARY OF THE ACTION

### A.   Leading Up To The Merger Announcement, Health Net Incurred Escalating Claims

19.     Defendants deny the allegations contained in paragraph 19 of the Complaint. Defendants refer to Health Net's Form 10-K for fiscal year 2015 for Health Net's description of its business as of December 31, 2015.

20.     Paragraph 20 of the Complaint contains Plaintiff's conclusions of law to which no response is required. Further, even if a response were required, the vague and ambiguous allegations contained in Paragraph 20 lack sufficient specificity for Defendants to be able to form a belief as to the truth of those allegations.

21.     Defendants deny the allegations contained in paragraph 21 of the Complaint.

22.     Defendants deny the allegations contained in paragraph 22 of the Complaint, except admit that Neidorff participated in a September 13, 2016 presentation at the Morgan Stanley Global Healthcare Conference. Defendants refer to the transcript of the conference for its complete and accurate contents. Defendants deny any paraphrasing, summarizing or characterization of the transcript and any factual inferences or legal conclusions made by Plaintiff based on the transcript.

23.     Defendants deny the allegations contained in paragraph 23 of the Complaint, except admit that, in 2016, one of Health Net's subsidiaries filed documents with the California Department of Insurance, which documents Plaintiff purports to quote in paragraph 23. Defendants refer to those documents for their complete and accurate contents. Defendants deny

any paraphrasing, summarizing or characterization of those documents and any factual inferences or legal conclusions made by Plaintiff based on such documents.

24.     Defendants deny the allegations contained in paragraph 24 of the Complaint, except admit that, in 2016, one of Health Net's subsidiaries filed documents with the California Department of Insurance, which documents Plaintiff purports to quote in paragraph 24. Defendants refer to those documents for their complete and accurate contents. Defendants deny any paraphrasing, summarizing or characterization of those documents and any factual inferences or legal conclusions made by Plaintiff based on such documents.

### B.     Centene's Due Diligence Began By June 2015

25.     Defendants deny the allegations contained in paragraph 25 of the Complaint. Defendants refer to Centene's Joint Proxy Statement for a description of the "Background of the Merger." Defendants deny any paraphrasing, summarizing or characterization of the Joint Proxy Statement and any factual inferences or legal conclusions made by Plaintiff based on the Joint Proxy Statement.

26.     Defendants deny the allegations contained in paragraph 26 of the Complaint. Defendants refer to Centene's Joint Proxy Statement for a description of the "Background of the Merger." Defendants deny any paraphrasing, summarizing or characterization of the Joint Proxy Statement and any factual inferences or legal conclusions made by Plaintiff based on the Joint Proxy Statement.

### C.     The Merger Announcement

27.     Defendants admit that on July 2, 2015, Centene and Health Net issued a press release. Defendants refer to that press release for its complete and accurate contents. Defendants deny any paraphrasing, summarizing or characterization of the press release and any factual inferences or legal conclusions made by Plaintiff based on the press release. Defendants admit that Morgan Stanley issued a report dated July 6, 2015 regarding Centene. Defendants refer to that report for an accurate recitation of its contents. Defendants deny any paraphrasing, summarizing or characterization of the report and any factual inferences or legal conclusions

6

made by Plaintiff based on the report. Defendants deny any remaining allegations contained in paragraph 27 of the Complaint.

28. Defendants admit that Neidorff and Mr. Gellert participated in a conference call on July 2, 2015. Defendants refer to the transcript of that conference call for its complete and accurate contents. Defendants deny any paraphrasing, summarizing or characterization of the transcript and any factual inferences or legal conclusions made by Plaintiff based on the transcript. Defendants deny any remaining allegations contained in paragraph 28 of the Complaint.

29. Defendants deny the allegations contained in paragraph 29 of the Complaint, except admit that (i) on July 14, 2015, Centene filed a PowerPoint presentation with the SEC, and (ii) during the second half of 2015, Defendants made various public statements regarding the anticipated merger. Defendants refer to the PowerPoint presentation and referenced public statements for their complete and accurate contents. Defendants deny any paraphrasing, summarizing or characterization of the PowerPoint presentation or public statements and any factual inferences or legal conclusions made by Plaintiff based on the PowerPoint presentation or public statements.

30. Defendants admit that on August 19, 2015 Centene filed with the SEC a Form S-4 registration statement that included a joint proxy statement/prospectus regarding the proposed merger. Defendants refer to the Form S-4 for its complete and accurate contents. Defendants deny any paraphrasing, summarizing or characterization of the Form S-4 and any factual inferences or legal conclusions made by Plaintiff based on the Form S-4. Defendants deny any remaining allegations contained in paragraph 30 of the Complaint.

**D.    Centene's Integration With Health Net Continued While
Health Net Responded To Rising Claims In California And Arizona**

**1.    Health Net Systematically Restricted
Payments For Substance Abuse-Related Claims**

31. Defendants deny the allegations contained in paragraph 31 of the Complaint.

32. Defendants deny the allegations contained in paragraph 32 of the Complaint.

33.     Defendants deny the allegations contained in paragraph 33 of the Complaint.

34.     Defendants deny the allegations in the first sentence of paragraph 34 of the Complaint. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 34 of the Complaint, and therefore deny them.

35.     Defendants deny the allegations contained in paragraph 35 of the Complaint.

### 2.     Centene's Integration With Health Net Proceeded In Late 2015 And Early 2016

36.     Defendants deny the allegations contained in paragraph 36 of the Complaint, except admit that Neidorff participated in a presentation at the Wells Fargo HealthCare Conference in Boston, Massachusetts on September 9, 2015. Defendants refer to the transcript of the presentation for its complete and accurate contents. Defendants deny any paraphrasing, summarizing or characterization of the transcript and any factual inferences or legal conclusions made by Plaintiff based on the transcript.

37.     Defendants admit that, on September 21, 2015, Centene filed its Joint Proxy Statement in connection with its anticipated merger with Health Net. Defendants admit that, on October 23, 2015, Centene's shareholders voted to approve the merger. Defendants deny any remaining allegations contained in paragraph 37 of the Complaint.

38.     Defendants admit that Neidorff participated in a quarterly earnings call on October 27, 2015. Defendants refer to the transcript of that call for its complete and accurate contents. Defendants deny any paraphrasing, summarizing or characterization of the transcript and any factual inferences or legal conclusions made by Plaintiff based on the transcript. Defendants deny any remaining allegations contained in paragraph 38 of the Complaint.

39.     Defendants admit that Neidorff participated in a presentation at the Oppenheimer Healthcare Conference in New York, New York on December 9, 2015. Defendants refer to the transcript of that presentation for its complete and accurate contents. Defendants deny any paraphrasing, summarizing or characterization of the transcript and any factual inferences or

legal conclusions made by Plaintiff based on the transcript. Defendants deny any remaining allegations contained in paragraph 39 of the Complaint.

40.     Defendants admit that Cindy Brinkley participated in an investor conference call on December 18, 2015. Defendants refer to the transcript of that call for its complete and accurate contents. Defendants deny any paraphrasing, summarizing or characterization of the transcript and any factual inferences or legal conclusions made by Plaintiff based on the transcript. Defendants deny any remaining allegations contained in paragraph 40 of the Complaint.

41.     Defendants admit that Cindy Brinkley participated in an investor conference call on December 18, 2015. Defendants refer to the transcript of that call for its complete and accurate contents. Defendants deny any paraphrasing, summarizing or characterization of the transcript and any factual inferences or legal conclusions made by Plaintiff based on the transcript. Defendants deny any remaining allegations contained in paragraph 41 of the Complaint.

### 3.     Defendants Were Particularly Focused On Health Net's California Business

42.     Defendants deny the allegations contained in paragraph 42 of the Complaint, except admit that on February 9, 2016, Centene filed with the SEC a Form 8-K and press release announcing its financial results for the fourth quarter and year ended December 31, 2015. Defendants refer to the Form 8-K and press release for their complete and accurate contents. Defendants deny any paraphrasing, summarizing or characterization of the Form 8-K or press release and any factual inferences or legal conclusions made by Plaintiff based on the Form 8-K or press release.

43.     Defendants admit that on August 19, 2015, Centene filed with the SEC a Form S-4 registration statement. Defendants refer to the Form S-4 for its complete and accurate contents. Defendants deny any paraphrasing, summarizing or characterization of the Form S-4 and any factual inferences or legal conclusions made by Plaintiff based on the Form S-4. Defendants also

admit that, on September 17, 2015, Centene filed with the SEC a Form S-4/A registration statement. Defendants refer to the Form S-4/A for its complete and accurate contents. Defendants deny any paraphrasing, summarizing or characterization of the Form S-4/A and any factual inferences or legal conclusions made by Plaintiff based on the Form S-4/A. Defendants deny any remaining allegations contained in paragraph 43 of the Complaint.

44.     Defendants admit that Schwaneke participated in an investor conference call on December 18, 2015. Defendants refer to the transcript of that call for its complete and accurate contents. Defendants deny any paraphrasing, summarizing or characterization of the transcript and any factual inferences or legal conclusions made by Plaintiff based on the transcript. Defendants also admit that Neidorff participated in the JPMorgan Healthcare Conference on January 11, 2016. Defendants refer to the transcript of that conference for its complete and accurate contents. Defendants deny any paraphrasing, summarizing or characterization of the transcript and any factual inferences or legal conclusions made by Plaintiff based on the transcript. Defendants deny any remaining allegations contained in paragraph 44 of the Complaint.

45.     Defendants deny the allegations contained in paragraph 45 of the Complaint, except admit that Schwaneke participated in a quarterly earnings conference call on February 9, 2016. Defendants refer to the transcript of that call for its complete and accurate contents. Defendants deny any paraphrasing, summarizing or characterization of the transcript and any factual inferences or legal conclusions made by Plaintiff based on the transcript.

46.     Defendants admit the allegations contained in the first sentence of paragraph 46 of the Complaint. Defendants further admit that, on March 22, 2016, Morgan Stanley issued a report regarding Centene. Defendants refer to that report for an accurate recitation of its contents. Defendants deny any paraphrasing, summarizing or characterization of the report and any factual inferences or legal conclusions made by Plaintiff based on the report. Defendants deny any remaining allegations contained in paragraph 46 of the Complaint.

47.     Defendants deny the allegations contained in paragraph 47 of the Complaint, except admit that (i) on March 22, 2016, Morgan Stanley issued a report regarding Centene, and (i) on March 22, 2016, Sterne Agee issued a report regarding Centene. Defendants refer to those reports for an accurate recitation of their contents. Defendants deny any paraphrasing, summarizing or characterization of those reports and any factual inferences or legal conclusions made by Plaintiff based on those reports.

48.     Defendants admit that allegations contained in paragraph 48 of the Complaint.

**E.     During The Class Period, Defendants
        Represented Health Net's Liabilities**

**1.     Centene's Form 10-Q Reported The
        Purported "Fair Value" Of Health Net's Liabilities**

49.     Defendants aver that the allegations contained in paragraph 49 of the Complaint have been dismissed by the Court's August 30, 2019 Order and therefore no response is required. To the extent a response is required, Defendants admit that, on April 26, 2016, Centene filed a Form 10-Q with the SEC. Defendants refer to the Form 10-Q for its complete and accurate contents. Defendants deny any paraphrasing, summarizing or characterization of the Form 10-Q and any factual inferences or legal conclusions made by Plaintiff based on the Form 10-Q. Defendants deny any remaining allegations contained in paragraph 49 of the Complaint.

50.     Defendants aver that the allegations contained in paragraph 50 of the Complaint have been dismissed by the Court's August 30, 2019 Order and therefore no response is required. To the extent a response is required, Defendants admit that, on April 26, 2016, Centene filed a Form 10-Q with the SEC. Defendants refer to the Form 10-Q for its complete and accurate contents. Defendants deny any paraphrasing, summarizing or characterization of the Form 10-Q and any factual inferences or legal conclusions made by Plaintiff based on the Form 10-Q. Defendants deny any remaining allegations contained in paragraph 50 of the Complaint.

51.     Defendants aver that the allegations contained in paragraph 51 of the Complaint have been dismissed by the Court's August 30, 2019 Order and therefore no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 51

11

of the Complaint, except admit that Centene filed documents with the SEC on September 17, 2015, September 21, 2015, January 26, 2016 and April 26, 2016. Defendants refer to those documents for their complete and accurate contents. Defendants deny any paraphrasing, summarizing or characterization of those documents and any factual inferences or legal conclusions made by Plaintiff based on those documents.

### 2.      Centene Assured Investors That Health Net's Reserves Were Adequate

52.      Defendants aver that the allegations contained in paragraph 52 of the Complaint have been dismissed by the Court's August 30, 2019 Order and therefore no response is required. To the extent a response is required, Defendants admit that Neidorff and Rone Baldwin participated in a quarterly earnings conference call on April 26, 2016. Defendants refer to the transcript of that call for its complete and accurate contents. Defendants deny any paraphrasing, summarizing or characterization of the transcript and any factual inferences or legal conclusions made by Plaintiff based on the transcript. Defendants deny any remaining allegations contained in paragraph 52 of the Complaint.

53.      Defendants admit that Ed Kroll participated in a presentation at the Bank of America Merrill Lynch Health Care Conference on May 10, 2016. Defendants refer to the transcript of that presentation for its complete and accurate contents. Defendants deny any paraphrasing, summarizing or characterization of the transcript and any factual inferences or legal conclusions made by Plaintiff based on the transcript. Defendants deny any remaining allegations contained in paragraph 53 of the Complaint.

54.      Defendants admit that Neidorff participated in a presentation at the UBS Global Healthcare Conference on May 24, 2016. Defendants refer to the transcript of that presentation for its complete and accurate contents. Defendants deny any paraphrasing, summarizing or characterization of the transcript and any factual inferences or legal conclusions made by Plaintiff based on the transcript. Defendants deny any remaining allegations contained in paragraph 54 of the Complaint.

55.    Defendants admit that Neidorff participated in a presentation at the UBS Global Healthcare Conference on May 24, 2016. Defendants refer to the transcript of that presentation for its complete and accurate contents. Defendants deny any paraphrasing, summarizing or characterization of the transcript and any factual inferences or legal conclusions made by Plaintiff based on the transcript. Footnote 1 of paragraph 55 contains Plaintiff's conclusions of law to which no response is required. Defendants deny any remaining allegations contained in paragraph 55 and footnote 1 of the Complaint.

56.    Defendants admit that, on June 17, 2016, Centene held an Investor Day in which seven Centene executives participated, including Neidorff and Schwaneke. Defendants refer to the presentation and the transcript of the presentation for their complete and accurate contents. Defendants deny any paraphrasing, summarizing or characterization of the presentation or transcript and any factual inferences or legal conclusions made by Plaintiff based on the presentation or transcript. Defendants deny any remaining allegations contained in paragraph 56 of the Complaint.

57.    Defendants admit that, on June 17, 2016, Centene held an Investor Day in which Neidorff and Schwaneke participated. Defendants refer to the presentation and the transcript of the presentation for their complete and accurate contents. Defendants deny any paraphrasing, summarizing or characterization of the presentation or transcript and any factual inferences or legal conclusions made by Plaintiff based on the presentation or transcript. Defendants deny any remaining allegations contained in paragraph 57 of the Complaint.

58.    Defendants admit that, on June 17, 2016, Centene held an Investor Day in which Schwaneke participated. Defendants refer to the presentation and the transcript of the presentation for their complete and accurate contents. Defendants deny any paraphrasing, summarizing or characterization of the presentation or transcript and any factual inferences or legal conclusions made by Plaintiff based on the presentation or transcript. Defendants deny any remaining allegations contained in paragraph 58 of the Complaint.

59.     Defendants admit that, on June 17, 2016, Centene held an Investor Day in which Schwaneke participated. Defendants refer to the presentation and the transcript of the presentation for their complete and accurate contents. Defendants deny any paraphrasing, summarizing or characterization of the presentation or transcript and any factual inferences or legal conclusions made by Plaintiff based on the presentation or transcript. Defendants deny any remaining allegations contained in paragraph 59 of the Complaint.

60.     Defendants admit that, on June 17, 2016, Centene held an Investor Day in which Schwaneke participated. Defendants refer to the presentation and the transcript of the presentation for their complete and accurate contents. Defendants deny any paraphrasing, summarizing or characterization of the presentation or transcript and any factual inferences or legal conclusions made by Plaintiff based on the presentation or transcript. Defendants deny any remaining allegations contained in paragraph 60 of the Complaint.

61.     Defendants admit that, on June 17, 2016, Centene held an Investor Day in which Rone Baldwin participated. Defendants refer to the presentation and the transcript of the presentation for their complete and accurate contents. Defendants deny any paraphrasing, summarizing or characterization of the presentation or transcript and any factual inferences or legal conclusions made by Plaintiff based on the presentation or transcript. Defendants deny any remaining allegations contained in paragraph 61 of the Complaint.

62.     Defendants admit that, on June 17, 2016, Centene held an Investor Day in which Schwaneke participated. Defendants refer to the presentation and the transcript of the presentation for their complete and accurate contents. Defendants deny any paraphrasing, summarizing or characterization of the presentation or transcript and any factual inferences or legal conclusions made by Plaintiff based on the presentation or transcript. Defendants deny any remaining allegations contained in paragraph 62 of the Complaint.

63.     Defendants admit that, on June 17, 2016, Centene held an Investor Day in which Neidorff, Schwaneke and Mark Brooks participated. Defendants refer to the presentation and the transcript of the presentation for their complete and accurate contents. Defendants deny any

paraphrasing, summarizing or characterization of the presentation or transcript and any factual inferences or legal conclusions made by Plaintiff based on the presentation or transcript. Defendants deny any remaining allegations contained in paragraph 63 of the Complaint.

64.     Defendants admit that, on June 17, 2016, Centene held an Investor Day in which Schwaneke participated. Defendants refer to the presentation and the transcript of the presentation for their complete and accurate contents. Defendants deny any paraphrasing, summarizing or characterization of the presentation or transcript and any factual inferences or legal conclusions made by Plaintiff based on the presentation or transcript. Defendants deny any remaining allegations contained in paragraph 64 of the Complaint.

65.     Defendants admit that, on June 17, 2016, Centene held an Investor Day in which Neidorff participated. Defendants refer to the presentation and the transcript of the presentation for their complete and accurate contents. Defendants deny any paraphrasing, summarizing or characterization of the presentation or transcript and any factual inferences or legal conclusions made by Plaintiff based on the presentation or transcript. Defendants deny any remaining allegations contained in paragraph 65 of the Complaint.

### F.      Centene Disclosed The Truth About Health Net's Massive Liabilities And Unfavorable Reserves Developments

66.     Defendants deny the allegations contained in paragraph 66 of the Complaint, except admit that (i) on July 26, 2016, Centene filed a Form 10-Q with the SEC, and (ii) on July 26, 2016, Centene held a quarterly earnings conference call in which Schwaneke participated. Defendants refer to the Form 10-Q and transcript of the call for their complete and accurate contents. Defendants deny any paraphrasing, summarizing or characterization of the Form 10-Q or transcript  and any factual inferences or legal conclusions made by Plaintiff based on the Form 10-Q or transcript.

67.     Defendants admit that, on July 26, 2016, Centene filed a Form 8-K with the SEC. Defendants refer to the Form 8-K for its complete and accurate contents. Defendants deny any paraphrasing, summarizing or characterization of the Form 8-K and any factual inferences or

legal conclusions made by Plaintiff based on the Form 8-K. Defendants deny any remaining allegations contained in paragraph 67 of the Complaint.

68.     Defendants deny the allegations contained in paragraph 68 of the Complaint, except admit that on July 26, 2016, Centene filed a Form 10-Q with the SEC. Defendants refer to the Form 10-Q for its complete and accurate contents. Defendants deny any paraphrasing, summarizing or characterization of the Form 10-Q and any factual inferences or legal conclusions made by Plaintiff based on the Form 10-Q.

69.     Defendants deny the allegations contained in paragraph 69 of the Complaint, except admit that, according to Health Net's Form 10-K for fiscal year 2015, (i) in 2013, Health Net had income from continuing operations before income taxes of $269,953,000, and (ii) in 2014, Health Net had income from continuing operations before income taxes of $199,792,000. Defendants deny the allegations contained in footnote 2 of paragraph 69 of the Complaint.

70.     Defendants deny the allegations contained in the first sentence of paragraph 70 of the Complaint, and refer to Centene's Form 10-Q and Form 8-K filed on July 26, 2016 for their complete and accurate contents. Defendants deny any paraphrasing, summarizing or characterization of the Form 10-Q or Form 8-K and any factual inferences or legal conclusions made by Plaintiff based on the Form 10-Q or Form 8-K. The second sentence of paragraph 70 contains Plaintiff's conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations contained in the second sentence of paragraph 70 of the Complaint. Defendants aver that the allegations contained in the third sentence of paragraph 70 of the Complaint have been dismissed by the Court's August 30, 2019 Order and therefore no response is required. To the extent a response is required, Defendants deny the allegations contained in the third sentence of paragraph 70 of the Complaint.

71.     Defendants deny the allegations contained in paragraph 71 of the Complaint, except admit that, on July 26, 2016, Centene held a quarterly earnings conference call in which Neidorff and Schwaneke participated. Defendants refer to the transcript of the call for its complete and accurate contents. Defendants deny any paraphrasing, summarizing or

characterization of the transcript and any factual inferences or legal conclusions made by Plaintiff based on the transcript.

72.     Defendants deny the allegations contained in paragraph 72 of the Complaint, except admit that, on July 26, 2016, Centene held a quarterly earnings conference call in which Neidorff participated. Defendants refer to the transcript of the call for its complete and accurate contents. Defendants deny any paraphrasing, summarizing or characterization of the transcript and any factual inferences or legal conclusions made by Plaintiff based on the transcript.

73.     Defendants deny the allegations contained in paragraph 73 of the Complaint, except admit that (i) Cowen and Company issued a report dated July 26, 2016 regarding Centene, (ii) Jefferies issued a report dated July 26, 2016 regarding Centene, (iii) Credit Suisse issued a report dated July 26, 2016 regarding Centene, and (iv) Susquehanna Financial Group issued a report dated July 26, 2016 regarding Centene. Defendants refer to those reports for an accurate recitation of their contents. Defendants deny any paraphrasing, summarizing or characterization of those reports and any factual inferences or legal conclusions made by Plaintiff based on those reports.

74.     Defendants deny the allegations contained in paragraph 74 of the Complaint, except admit that (i) the premium deficiency reserve that Centene recorded in the second quarter of 2016 did not impact its income statement, and (ii) on July 26, 2016, Centene held a quarterly earnings conference call in which Schwaneke participated. Defendants refer to the transcript of the call for its complete and accurate contents. Defendants deny any paraphrasing, summarizing or characterization of the transcript and any factual inferences or legal conclusions made by Plaintiff based on the transcript.

75.     Defendants deny the allegations contained in paragraph 75 of the Complaint, except admit that (i) Morgan Stanley issued a report dated July 27, 2016 regarding Centene, and (ii) *Modern Healthcare* published an article dated July 26, 2016 regarding Centene. Defendants refer to the report and article for an accurate recitation of their contents. Defendants deny any paraphrasing, summarizing or characterization of the report or article and any factual inferences

17

or legal conclusions made by Plaintiff based on the report or article. Defendants refer to Centene's publicly available stock price information for its complete and accurate contents.

76.     Defendants deny the allegations contained in paragraph 76 of the Complaint, except admit that, on July 28, 2016, Neidorff was interviewed by Jim Cramer. Defendants refer to the transcript of that interview for its complete and accurate contents. Defendants deny any paraphrasing, summarizing or characterization of the transcript and any factual inferences or legal conclusions made by Plaintiff based on the transcript.

77.     Defendants deny the allegations contained in paragraph 77 of the Complaint, except admit that, on July 28, 2016, Neidorff was interviewed by Jim Cramer. Defendants refer to the transcript of that interview for its complete and accurate contents. Defendants deny any paraphrasing, summarizing or characterization of the transcript and any factual inferences or legal conclusions made by Plaintiff based on the transcript.

78.     Defendants admit that, on September 7, 2016, Ed Kroll participated in the Wells Fargo Securities Healthcare Conference in Boston, Massachusetts. Defendants refer to the transcript of the conference for its complete and accurate contents. Defendants deny any paraphrasing, summarizing or characterization of the transcript and any factual inferences or legal conclusions made by Plaintiff based on the transcript. Defendants deny any remaining allegations contained in paragraph 78 of the Complaint.

79.     Defendants admit that, on September 13, 2016, Neidorff and Ed Kroll participated in a presentation at the Morgan Stanley Global Healthcare Conference in New York, New York. Defendants refer to the transcript of the presentation for its complete and accurate contents. Defendants deny any paraphrasing, summarizing or characterization of the transcript and any factual inferences or legal conclusions made by Plaintiff based on the transcript. Defendants deny any remaining allegations contained in paragraph 79 of the Complaint.

80.     Defendants admit that, on December 16, 2016, Centene held an Investor Day in which Schwaneke participated. Defendants refer to the transcript from Investor Day for its complete and accurate contents. Defendants deny any paraphrasing, summarizing or

18

characterization of the transcript and any factual inferences or legal conclusions made by Plaintiff based on the transcript. Defendants deny any remaining allegations contained in paragraph 80 of the Complaint.

## V.    DEFENDANTS' FALSE AND
##       MISLEADING STATEMENTS AND OMISSIONS

### A.    False And Misleading Statements
###       In Investor Conferences And Presentations

81.    Defendants aver that the allegations contained in paragraph 81 of the Complaint have been dismissed by the Court's August 30, 2019 Order and therefore no response is required. To the extent a response is required, Defendants admit that, on April 26, 2016, Centene held a quarterly earnings conference call. Defendants refer to the transcript of the call for its complete and accurate contents. Defendants deny any paraphrasing, summarizing or characterization of the transcript and any factual inferences or legal conclusions made by Plaintiff based on the transcript. Defendants deny any remaining allegations contained in paragraph 81 of the Complaint.

82.    Defendants aver that the allegations contained in paragraph 82 of the Complaint have been dismissed by the Court's August 30, 2019 Order and therefore no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 82 of the Complaint.

83.    Defendants admit that Neidorff participated in a presentation at the UBS Global Healthcare Conference on May 24, 2016. Defendants refer to the transcript of that presentation for its complete and accurate contents. Defendants deny any paraphrasing, summarizing or characterization of the transcript and any factual inferences or legal conclusions made by Plaintiff based on the transcript. Defendants deny any remaining allegations contained in paragraph 83 of the Complaint.

84.    Defendants deny the allegations contained in paragraph 84 of the Complaint.

85.    Defendants admit that, on June 17, 2016, Centene held an Investor Day in which seven Centene executives participated, including Neidorff and Schwaneke. Defendants refer to

19

the presentation and the transcript of the presentation for their complete and accurate contents. Defendants deny any paraphrasing, summarizing or characterization of the presentation or transcript and any factual inferences or legal conclusions made by Plaintiff based on the presentation or transcript. Defendants deny any remaining allegations contained in paragraph 85 of the Complaint.

86.    Defendants admit that, on June 17, 2016, Centene held an Investor Day in which Schwaneke participated. Defendants refer to the presentation and the transcript of the presentation for their complete and accurate contents. Defendants deny any paraphrasing, summarizing or characterization of the presentation or transcript and any factual inferences or legal conclusions made by Plaintiff based on the presentation or transcript. Defendants deny any remaining allegations contained in paragraph 86 of the Complaint.

87.    Defendants admit that, on June 17, 2016, Centene held an Investor Day in which Schwaneke participated. Defendants refer to the presentation and the transcript of the presentation for their complete and accurate contents. Defendants deny any paraphrasing, summarizing or characterization of the presentation or transcript and any factual inferences or legal conclusions made by Plaintiff based on the presentation or transcript. Defendants deny any remaining allegations contained in paragraph 87 of the Complaint.

88.    Defendants admit that, on June 17, 2016, Centene held an Investor Day in which Schwaneke participated. Defendants refer to the presentation and the transcript of the presentation for their complete and accurate contents. Defendants deny any paraphrasing, summarizing or characterization of the presentation or transcript and any factual inferences or legal conclusions made by Plaintiff based on the presentation or transcript. Defendants deny any remaining allegations contained in paragraph 88 of the Complaint.

89.    Defendants admit that, on June 17, 2016, Centene held an Investor Day in which Rone Baldwin participated. Defendants refer to the presentation and the transcript of the presentation for their complete and accurate contents. Defendants deny any paraphrasing, summarizing or characterization of the presentation or transcript and any factual inferences or

legal conclusions made by Plaintiff based on the presentation or transcript. Defendants deny any remaining allegations contained in paragraph 89 of the Complaint.

90.     Defendants admit that, on June 17, 2016, Centene held an Investor Day in which Schwaneke participated. Defendants refer to the presentation and the transcript of the presentation for their complete and accurate contents. Defendants deny any paraphrasing, summarizing or characterization of the presentation or transcript and any factual inferences or legal conclusions made by Plaintiff based on the presentation or transcript. Defendants deny any remaining allegations contained in paragraph 90 of the Complaint.

91.     Defendants admit that, on June 17, 2016, Centene held an Investor Day in which Neidorff, Schwaneke and Mark Brooks participated. Defendants refer to the presentation and the transcript of the presentation for their complete and accurate contents. Defendants deny any paraphrasing, summarizing or characterization of the presentation or transcript and any factual inferences or legal conclusions made by Plaintiff based on the presentation or transcript. Defendants deny any remaining allegations contained in paragraph 91 of the Complaint.

92.     Defendants admit that, on June 17, 2016, Centene held an Investor Day in which Schwaneke participated. Defendants refer to the presentation and the transcript of the presentation for their complete and accurate contents. Defendants deny any paraphrasing, summarizing or characterization of the presentation or transcript and any factual inferences or legal conclusions made by Plaintiff based on the presentation or transcript. Defendants deny any remaining allegations contained in paragraph 92 of the Complaint.

93.     Defendants deny the allegations contained in paragraph 93 of the Complaint.

94.     Defendants deny the allegations contained in paragraph 94 of the Complaint.

**B.     Financial Statements**

     **1.     Defendants' Responsibilities Under
     GAAP And SEC Rules And Regulations**

95.     Defendants aver that the allegations contained in paragraph 95 of the Complaint have been dismissed by the Court's August 30, 2019 Order and therefore no response is required.

Further, paragraph 95 of the Complaint contains Plaintiff's conclusions of law and no response is required for that additional reason. To the extent a response is required, Defendants refer to the statutes, standards, rules and/or regulations cited for their complete and accurate contents. Defendants deny any paraphrasing, summarizing or characterization of the statutes, standards, rules and/or regulations and any factual inferences or legal conclusions made by Plaintiff based on the statutes, standards, rules and/or regulations.

96.     Defendants aver that the allegations contained in paragraph 96 of the Complaint have been dismissed by the Court's August 30, 2019 Order and therefore no response is required. Further, paragraph 96 of the Complaint contains Plaintiff's conclusions of law and no response is required for that additional reason. To the extent a response is required, Defendants refer to the statutes, standards, rules and/or regulations cited for their complete and accurate contents. Defendants deny any paraphrasing, summarizing or characterization of the statutes, standards, rules and/or regulations and any factual inferences or legal conclusions made by Plaintiff based on the statutes, standards, rules and/or regulations.

97.     Defendants aver that the allegations contained in paragraph 97 of the Complaint have been dismissed by the Court's August 30, 2019 Order and therefore no response is required. Further, paragraph 97 of the Complaint contains Plaintiff's conclusions of law and no response is required for that additional reason. To the extent a response is required, Defendants refer to the statutes, standards, rules and/or regulations cited for their complete and accurate contents. Defendants deny any paraphrasing, summarizing or characterization of the statutes, standards, rules and/or regulations and any factual inferences or legal conclusions made by Plaintiff based on the statutes, standards, rules and/or regulations.

98.     Defendants aver that the allegations contained in paragraph 98 of the Complaint have been dismissed by the Court's August 30, 2019 Order and therefore no response is required. Further, paragraph 98 of the Complaint contains Plaintiff's conclusions of law and no response is required for that additional reason. To the extent a response is required, Defendants refer to the statutes, standards, rules and/or regulations cited for their complete and accurate contents.

Defendants deny any paraphrasing, summarizing or characterization of the statutes, standards, rules and/or regulations and any factual inferences or legal conclusions made by Plaintiff based on the statutes, standards, rules and/or regulations.

99.     Defendants aver that the allegations contained in paragraph 99 of the Complaint have been dismissed by the Court's August 30, 2019 Order and therefore no response is required. Further, paragraph 99 of the Complaint contains Plaintiff's conclusions of law and no response is required for that additional reason. To the extent a response is required, Defendants refer to the statutes, standards, rules and/or regulations cited for their complete and accurate contents. Defendants deny any paraphrasing, summarizing or characterization of the statutes, standards, rules and/or regulations and any factual inferences or legal conclusions made by Plaintiff based on the statutes, standards, rules and/or regulations.

100.     Defendants aver that the allegations contained in paragraph 100 of the Complaint have been dismissed by the Court's August 30, 2019 Order and therefore no response is required. Further, paragraph 100 of the Complaint contains Plaintiff's conclusions of law and no response is required for that additional reason. To the extent a response is required, Defendants refer to the statutes, standards, rules and/or regulations cited for their complete and accurate contents. Defendants deny any paraphrasing, summarizing or characterization of the statutes, standards, rules and/or regulations and any factual inferences or legal conclusions made by Plaintiff based on the statutes, standards, rules and/or regulations.

101.     Defendants aver that the allegations contained in paragraph 101 of the Complaint have been dismissed by the Court's August 30, 2019 Order and therefore no response is required. Further, paragraph 101 of the Complaint contains Plaintiff's conclusions of law and no response is required for that additional reason. To the extent a response is required, Defendants refer to the statutes, standards, rules and/or regulations cited for their complete and accurate contents. Defendants deny any paraphrasing, summarizing or characterization of the statutes, standards, rules and/or regulations and any factual inferences or legal conclusions made by Plaintiff based on the statutes, standards, rules and/or regulations.

102.     Defendants aver that the allegations contained in paragraph 102 of the Complaint have been dismissed by the Court's August 30, 2019 Order and therefore no response is required. Further, paragraph 102 of the Complaint contains Plaintiff's conclusions of law and no response is required for that additional reason. To the extent a response is required, Defendants refer to the statutes, standards, rules and/or regulations cited for their complete and accurate contents. Defendants deny any paraphrasing, summarizing or characterization of the statutes, standards, rules and/or regulations and any factual inferences or legal conclusions made by Plaintiff based on the statutes, standards, rules and/or regulations.

103.     Defendants aver that the allegations contained in paragraph 103 of the Complaint have been dismissed by the Court's August 30, 2019 Order and therefore no response is required. Further, paragraph 103 of the Complaint contains Plaintiff's conclusions of law and no response is required for that additional reason. To the extent a response is required, Defendants refer to the statutes, standards, rules and/or regulations cited for their complete and accurate contents. Defendants deny any paraphrasing, summarizing or characterization of the statutes, standards, rules and/or regulations and any factual inferences or legal conclusions made by Plaintiff based on the statutes, standards, rules and/or regulations.

104.     Defendants aver that the allegations contained in paragraph 104 of the Complaint have been dismissed by the Court's August 30, 2019 Order and therefore no response is required. Further, paragraph 104 of the Complaint contains Plaintiff's conclusions of law and no response is required for that additional reason. To the extent a response is required, Defendants refer to the statutes, standards, rules and/or regulations cited for their complete and accurate contents. Defendants deny any paraphrasing, summarizing or characterization of the statutes, standards, rules and/or regulations and any factual inferences or legal conclusions made by Plaintiff based on the statutes, standards, rules and/or regulations.

105.     Defendants aver that the allegations contained in paragraph 105 of the Complaint have been dismissed by the Court's August 30, 2019 Order and therefore no response is required. Further, paragraph 105 of the Complaint contains Plaintiff's conclusions of law and no response

is required for that additional reason. To the extent a response is required, Defendants refer to the statutes, standards, rules and/or regulations cited for their complete and accurate contents. Defendants deny any paraphrasing, summarizing or characterization of the statutes, standards, rules and/or regulations and any factual inferences or legal conclusions made by Plaintiff based on the statutes, standards, rules and/or regulations.

106.    Defendants aver that the allegations contained in paragraph 106 of the Complaint have been dismissed by the Court's August 30, 2019 Order and therefore no response is required. Further, paragraph 106 of the Complaint contains Plaintiff's conclusions of law and no response is required for that additional reason. To the extent a response is required, Defendants refer to the statutes, standards, rules and/or regulations cited for their complete and accurate contents. Defendants deny any paraphrasing, summarizing or characterization of the statutes, standards, rules and/or regulations and any factual inferences or legal conclusions made by Plaintiff based on the statutes, standards, rules and/or regulations.

107.    Defendants aver that the allegations contained in paragraph 107 of the Complaint have been dismissed by the Court's August 30, 2019 Order and therefore no response is required. Further, paragraph 107 of the Complaint contains Plaintiff's conclusions of law and no response is required for that additional reason. To the extent a response is required, Defendants refer to the statutes, standards, rules and/or regulations cited for their complete and accurate contents. Defendants deny any paraphrasing, summarizing or characterization of the statutes, standards, rules and/or regulations and any factual inferences or legal conclusions made by Plaintiff based on the statutes, standards, rules and/or regulations.

### 2.    Defendants' False And Misleading Financial Statements

108.    Defendants aver that the allegations contained in paragraph 108 of the Complaint have been dismissed by the Court's August 30, 2019 Order and therefore no response is required. To the extent a response is required, Defendants admit that, on April 26, 2016, Centene filed a Form 10-Q with the SEC. Defendants refer to the Form 10-Q for its complete and accurate

contents. Defendants deny any paraphrasing, summarizing or characterization of the Form 10-Q and any factual inferences or legal conclusions made by Plaintiff based on the Form 10-Q. Defendants deny any remaining allegations contained in paragraph 108 of the Complaint.

109.    Defendants aver that the allegations contained in paragraph 109 of the Complaint have been dismissed by the Court's August 30, 2019 Order and therefore no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 109 of the Complaint.

110.    Defendants aver that the allegations contained in paragraph 110 of the Complaint have been dismissed by the Court's August 30, 2019 Order and therefore no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 110 of the Complaint.

## VI.    ADDITIONAL ALLEGATIONS OF DEFENDANTS' SCIENTER

111.    Defendants deny the allegations contained in paragraph 111 of the Complaint.

112.    Defendants deny the allegations contained in paragraph 112 of the Complaint. Defendants refer to the transcript from Centene's June 17, 2016 Investor Day, the transcript from Centene's July 26, 2016 quarterly earnings call, the transcript from the September 7, 2016 Wells Fargo Securities Healthcare Conference, and the transcript from the September 13, 2016 Morgan Stanley Global Healthcare Conference for their complete and accurate contents. Defendants deny any paraphrasing, summarizing or characterization of these transcripts and any factual inferences or legal conclusions made by Plaintiff based on these transcripts. Further, to the extent the allegations in paragraph 112 of the Complaint relate to any alleged statements made on April 26, 2016, Defendants aver that such allegations have been dismissed by the Court's August 30, 2019 Order and therefore no response is required. To the extent a response is required, Defendants admit that, on April 26, 2016, Centene filed a Form 10-Q with the SEC. Defendants refer to the Form 10-Q for its complete and accurate contents. Defendants deny any paraphrasing, summarizing or characterization of the Form 10-Q and any factual inferences or legal conclusions made by Plaintiff based on the Form 10-Q.

26

113.     Paragraph 113 of the Complaint contains Plaintiff's conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 113 of the Complaint. Defendants refer to the Joint Proxy Statement, the transcript of Centene's July 2, 2015 conference call, and the transcript of the May 24, 2016 UBS Global Healthcare Conference presentation for their complete and accurate contents. Defendants deny any paraphrasing, summarizing or characterization of these documents and transcripts and any factual inferences or legal conclusions made by Plaintiff based on such documents and transcripts.

114.     Paragraph 114 of the Complaint contains Plaintiff's conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 114 of the Complaint. Defendants refer to Centene's July 2, 2015 press release, the PowerPoint presentation Centene filed with the SEC on July 14, 2015, the transcript from Centene's June 17, 2016 Investor Day, Centene's July 26, 2016 Form 10-Q filed with the SEC, and the transcript from Centene's July 26, 2016 quarterly earnings call for their complete and accurate contents. Defendants deny any paraphrasing, summarizing or characterization of these documents or transcripts and any factual inferences or legal conclusions made by Plaintiff based on these documents or transcripts.

115.     Paragraph 115 of the Complaint contains Plaintiff's conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 115 of the Complaint. Defendants refer to Centene's February 22, 2016 Form 10-K for fiscal year 2015 and the transcript from Centene's June 17, 2016 Investor Day for their complete and accurate contents. Defendants deny any paraphrasing, summarizing or characterization of the Form 10-K or transcript and any factual inferences or legal conclusions made by Plaintiff based on the Form 10-K or transcript.

116.     Paragraph 116 of the Complaint contains Plaintiff's conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 116 of the Complaint. Defendants refer to the transcript from Centene's

June 17, 2016 Investor Day for its complete and accurate contents. Defendants deny any paraphrasing, summarizing or characterization of the transcript and any factual inferences or legal conclusions made by Plaintiff based on the transcript.

117.   Paragraph 117 of the Complaint contains Plaintiff's conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 117 of the Complaint. Defendants refer to the transcript of the May 24, 2016 UBS Global Healthcare Conference presentation and the transcript from Centene's June 17, 2016 Investor Day for their complete and accurate contents. Defendants deny any paraphrasing, summarizing or characterization of these transcripts and any factual inferences or legal conclusions made by Plaintiff based on these transcripts.

118.   Paragraph 118 of the Complaint contains Plaintiff's conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 118 of the Complaint.

## VII.   LOSS CAUSATION

119.   Defendants deny the allegations contained in paragraph 119 of the Complaint.

120.   Defendants deny the allegations contained in paragraph 120 of the Complaint, except admit that (i) on July 26, 2016, Centene filed a Form 10-Q with the SEC, and (ii) certain Centene executives participated in conference calls and/or gave interviews after Centene filed its Form 10-Q. Defendants refer to the Form 10-Q and transcripts of those calls and interviews for their complete and accurate contents. Defendants deny any paraphrasing, summarizing or characterization of the Form 10-Q or transcripts and any factual inferences or legal conclusions made by Plaintiff based on the Form 10-Q or transcripts.

121.   Defendants deny the allegations contained in paragraph 121 of the Complaint. Defendants refer to Centene's publicly available stock price information for its complete and accurate contents.

## VIII.   PRESUMPTION OF RELIANCE

122.    Paragraph 122 of the Complaint contains Plaintiff's conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 122 of the Complaint except admit that (i) Centene's common stock meets the requirements for listing and is traded on the New York Stock Exchange; (ii) Centene files periodic reports with the SEC and the New York Stock Exchange; (iii) Centene has issued press releases that are publicly available; and (iv) Centene is covered by certain analysts.

123.    Paragraph 123 of the Complaint contains Plaintiff's conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 123 of the Complaint.

124.    Paragraph 124 of the Complaint contains Plaintiff's conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 124 of the Complaint.

## IX.   INAPPLICABILITY OF THE STATUTORY SAFE
## HARBOR AND BESPEAKS CAUTION DOCTRINE

125.    Paragraph 125 of the Complaint contains Plaintiff's conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 125 of the Complaint.

126.    Paragraph 126 of the Complaint contains Plaintiff's conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 126 of the Complaint.

127.    Paragraph 127 of the Complaint contains Plaintiff's conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 127 of the Complaint.

## X.   CLASS ACTION ALLEGATIONS

128.    Paragraph 128 of the Complaint is Plaintiff's characterization of its own Complaint to which no response is required. To the extent a response is required, Defendants

admit that the Complaint purports to be brought on behalf of purchasers of Centene common stock during a purported Class Period. Defendants deny any remaining allegations contained in paragraph 128 of the Complaint.

129.    Paragraph 129 of the Complaint contains Plaintiff's conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 129 of the Complaint, except admit that (i) Centene's common stock traded on the New York Stock Exchange in May, June and July 2016, and (ii) as of both April 15, 2016 and July 15, 2016, Centene had over 170,000,000 shares of common stock outstanding.

130.    Paragraph 130 of the Complaint contains Plaintiff's conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 130 of the Complaint.

131.    Paragraph 131 of the Complaint contains Plaintiff's conclusions of law to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 131 of the Complaint, and therefore deny them.

132.    Paragraph 132 of the Complaint contains Plaintiff's conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 132 of the Complaint.

133.    Paragraph 133 of the Complaint contains Plaintiff's conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 133 of the Complaint.

## XI.    CLAIMS FOR RELIEF

### COUNT 1

**For Violations Of Section 10(b) Of The Exchange Act And
SEC Rule 10b-5 Promulgated Thereunder
(Against All Defendants)**

134.    Defendants repeat each of the above responses as if fully set forth herein.

135.    Paragraph 135 of the Complaint is Plaintiff's characterization of its own Complaint to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 135 of the Complaint.

136.    Defendants deny the allegations contained in paragraph 136 of the Complaint. Further, to the extent the allegations in paragraph 136 of the Complaint relate to any alleged statements made on April 26, 2016, Defendants aver that such allegations have been dismissed by the Court's August 30, 2019 Order and therefore no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 136 of the Complaint.

137.    Defendants deny the allegations contained in paragraph 137 of the Complaint. Further, to the extent the allegations in paragraph 137 of the Complaint relate to any alleged statements made on April 26, 2016, Defendants aver that such allegations have been dismissed by the Court's August 30, 2019 Order and therefore no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 137 of the Complaint.

138.    Defendants deny the allegations contained in paragraph 138 of the Complaint. Further, to the extent the allegations in paragraph 138 of the Complaint relate to any alleged statements made on April 26, 2016, Defendants aver that such allegations have been dismissed by the Court's August 30, 2019 Order and therefore no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 138 of the Complaint.

139.    Defendants deny the allegations contained in paragraph 139 of the Complaint. Further, to the extent the allegations in paragraph 139 of the Complaint relate to any alleged statements made on April 26, 2016, Defendants aver that such allegations have been dismissed by the Court's August 30, 2019 Order and therefore no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 139 of the Complaint.

140.     Defendants deny the allegations contained in paragraph 140 of the Complaint. Further, to the extent the allegations in paragraph 140 of the Complaint relate to any alleged statements made on April 26, 2016, Defendants aver that such allegations have been dismissed by the Court's August 30, 2019 Order and therefore no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 140 of the Complaint.

141.     Defendants deny the allegations contained in paragraph 141 of the Complaint. Further, to the extent the allegations in paragraph 141 of the Complaint relate to any alleged statements made on April 26, 2016, Defendants aver that such allegations have been dismissed by the Court's August 30, 2019 Order and therefore no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 141 of the Complaint.

142.     Defendants deny the allegations contained in paragraph 142 of the Complaint. Further, to the extent the allegations in paragraph 142 of the Complaint relate to any alleged statements made on April 26, 2016, Defendants aver that such allegations have been dismissed by the Court's August 30, 2019 Order and therefore no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 142 of the Complaint.

## COUNT II

### For Violations Of Section 20(a) Of The Exchange Act
### (Against Defendants Neidorff and Schwaneke)

143.     Defendants repeat each of the above responses as if fully set forth herein.

144.     Paragraph 144 of the Complaint is Plaintiff's characterization of its own Complaint to which no response is required. To the extent a response is required, Neidorff and Schwaneke deny the allegations contained in paragraph 144 of the Complaint. Because this claim is not asserted against Centene, no response from Centene is required.

145.    Paragraph 145 of the Complaint contains Plaintiff's conclusions of law to which no response is required. To the extent a response is required, Neidorff and Schwaneke deny the allegations contained in paragraph 145 of the Complaint. Because this claim is not asserted against Centene, no response from Centene is required. Further, to the extent the allegations in paragraph 145 of the Complaint relate to any alleged statements made on April 26, 2016, Neidorff and Schwaneke aver that such allegations have been dismissed by the Court's August 30, 2019 Order and therefore no response is required. To the extent a response is required, Neidorff and Schwaneke deny the allegations contained in paragraph 145 of the Complaint.

146.    Paragraph 146 of the Complaint contains Plaintiff's conclusions of law to which no response is required. To the extent a response is required, Neidorff and Schwaneke deny the allegations contained in paragraph 146 of the Complaint. Because this claim is not asserted against Centene, no response from Centene is required. Further, to the extent the allegations in paragraph 146 of the Complaint relate to any alleged statements made on April 26, 2016, Neidorff and Schwaneke aver that such allegations have been dismissed by the Court's August 30, 2019 Order and therefore no response is required. To the extent a response is required, Neidorff and Schwaneke deny the allegations contained in paragraph 146 of the Complaint.

147.    Defendants deny the allegations contained in paragraph 147 of the Complaint. Further, to the extent the allegations in paragraph 147 of the Complaint relate to any alleged statements made on April 26, 2016, Defendants aver that such allegations have been dismissed by the Court's August 30, 2019 Order and therefore no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 147 of the Complaint.

148.    Defendants deny the allegations contained in paragraph 148 of the Complaint. Further, to the extent the allegations in paragraph 148 of the Complaint relate to any alleged statements made on April 26, 2016, Defendants aver that such allegations have been dismissed by the Court's August 30, 2019 Order and therefore no response is required. To the extent a

response is required, Defendants deny the allegations contained in paragraph 148 of the Complaint.

149.    Neidorff and Schwaneke deny the allegations contained in paragraph 149 of the Complaint. Because this claim is not asserted against Centene, no response from Centene is required. Further, to the extent the allegations in paragraph 149 of the Complaint relate to any alleged statements made on April 26, 2016, Neidorff and Schwaneke aver that such allegations have been dismissed by the Court's August 30, 2019 Order and therefore no response is required. To the extent a response is required, Neidorff and Schwaneke deny the allegations contained in paragraph 149 of the Complaint.

## XII.  **PRAYER FOR RELIEF**

150.    Defendants deny that Plaintiffs are entitled to the requested relief.

## XIII.  **JURY DEMAND**

151.    Paragraph 151 of the Complaint reflects Plaintiff's characterization of its own allegations to which no response is required.

**AFFIRMATIVE DEFENSES**

As separate and distinct affirmative defenses, Defendants allege as follows. By alleging the matters set forth below as "Affirmative Defenses," Defendants do not thereby allege or admit that Defendants have the burden of proof or the burden of persuasion with respect to any of these matters. Furthermore, Defendants hereby give notice that they intend to rely upon such other further defenses and claims of avoidance as may become available or apparent during pretrial proceedings in this action and hereby reserve their rights to amend their Answer and assert all such defenses.

1.    This action is barred, in whole or in part, because the Complaint fails to state a claim upon which relief can be granted against Defendants.

2.    This action is barred, in whole or in part, because Defendants are immune from liability for certain statements complained of in the Complaint under the safe harbor provisions of the PSLRA, 15 U.S.C. § 77z-2 and/or the bespeaks caution doctrine, where certain statements

34

were identified as forward-looking statements and accompanied by meaningful cautionary language and/or were made without actual knowledge of their falsity.

3.      This action is barred, in whole or in part, because the actual facts which Plaintiffs allege to have been misrepresented or omitted were in fact known to and entered the securities market through credible sources. Plaintiff and the putative class are not entitled to any recovery because the substance of the allegedly material information that Plaintiff alleges to have been omitted or misrepresented was in fact disclosed in Centene's public filings, disclosures and announcements, those of third parties, in the documents referenced in the Complaint, and/or from other sources that were otherwise publicly available and/or widely known to the market and to the investing community.

4.      This action is barred, in whole or in part, because Plaintiff or putative class members were comparatively and/or contributorily negligent in that they had actual knowledge of the facts alleged to have been misrepresented or omitted, such lack of knowledge was the product of Plaintiff's and putative class members' negligence, and this negligence was a cause-in-fact and proximate cause of any alleged damages.

5.      This action is barred, in whole or in part, because Plaintiff and members of the putative class purchased the securities referenced in the Complaint with actual or constructive knowledge of the risks involved in an investment in Centene securities, and the risks involved with Centene's business and operations, and thus assumed the risk that the value of the securities referenced in the Complaint would decline if such risks materialized.

6.      This action is barred, in whole or in part, because the fraud on the market theory does not apply.

7.      This action is barred, in whole or in part, because Defendants were not the actual or proximate cause of any injury to Plaintiff or members of the putative class and/or there are intervening and superseding causes of the alleged harm, if any, suffered by Plaintiff or putative class members.

8.     This action is barred, in whole or in part, because Plaintiff and/or members of the putative class would be unjustly enriched if they were permitted to obtain any recovery in this action.

9.     This action is barred, in whole or in part, because Plaintiff and/or members of the putative class have failed to mitigate damages and have failed to exercise due diligence in an effort to mitigate their damages (to which, in any event, they are not entitled).

10.    Any recovery for damages allegedly incurred by Plaintiff or putative class members, if any, is limited to the percentage of responsibility of Defendants in proportion to the total fault of all persons, whether or not named as parties to this action, who may have caused or contributed to Plaintiff's alleged damages, if any, pursuant to the proportionate liability provisions of the PSLRA, 15 U.S.C. § 78u-4(f)(3)(A).

11.    Any recovery for damages allegedly incurred by Plaintiff or putative class members, if any, is subject to offset, including but not limited to with respect to any tax benefits actually received by Plaintiff and putative class members through their investments.

12.    Any recovery for damages allegedly incurred by Plaintiff or putative class members, if any, is limited by the PSLRA's limitation on damages, 15 U.S.C. § 78u-4(e).

13.    With respect to Plaintiff's claims under Section 20(a) of the Exchange Act, Neidorff and Schwaneke acted in good faith and did not directly or indirectly induce any acts constituting the alleged violations and causes of action.

WHEREFORE, Defendants respectfully request that the Complaint be dismissed with prejudice and that the Court award Defendants their costs and attorneys' fees incurred herein and any other relief deemed just and proper.

Dated: September 27, 2019          Respectfully submitted,

                                  HUSCH BLACKWELL LLP

                                  By: /s/ Christopher A. Smith

                                  Joseph P. Conran, # 21635MO
                                  Christopher A. Smith, # 53266MO
                                  190 Carondelet Plaza, Suite 600
                                  St. Louis, MO 63105
                                  Tel: (314) 480-1500
                                  Fax: (314) 480-1505
                                  chris.smith@huschblackwell.com
                                  joe.conran@huschblackwell.com

                                  Peter B. Morrison (*pro hac vice*)
                                  SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
                                  300 South Grand Avenue, Suite 3400
                                  Los Angeles, CA 90071
                                  Tel: (213) 687-5000
                                  Fax: (213) 687-5600
                                  peter.morrison@skadden.com

                                  Jay B. Kasner (*pro hac vice*)
                                  Scott D. Musoff (*pro hac vice*)
                                  SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
                                  Four Times Square
                                  New York, NY 10036
                                  Tel: (212) 735-3000
                                  Fax: (212) 735-2000
                                  jay.kasner@skadden.com
                                  scott.musoff@skadden.com

                                  *Attorneys for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on this 27th day of September, 2019, a copy of the foregoing document was filed with the Clerk of the Court to be served upon counsel of record via the Court's ECF system.

*/s/ Christopher A. Smith*
_____
