**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| ISRAEL SANCHEZ, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CENTENE CORP., MICHAEL F. NEIDORFF, and JEFFREY A. SCHWANEKE,<br><br>Defendants. | Case No. 4:17-cv-00806-AGF |

**ORDER AWARDING
<u>ATTORNEYS' FEES AND LITIGATION EXPENSES</u>**

This matter came on for hearing on October 26, 2020 (the "Settlement Hearing") on Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses. The Court having considered all matters submitted to it at the Settlement Hearing and otherwise; and it appearing that notice of the Settlement Hearing substantially in the form approved by the Court was mailed to all Settlement Class Members who or which could be identified with reasonable effort, and that a summary notice of the hearing substantially in the form approved by the Court was published in *Investor's Business Daily* and released over *BusinessWire* and *PR Newswire* pursuant to the specifications of the Court; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and Litigation Expenses requested,

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. This Order incorporates by reference the definitions in the Stipulation and Agreement of Settlement dated March 5, 2020 (ECF No. 116-1) (the "Stipulation") and all terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation.

2.   The Court has jurisdiction to enter this Order and over the subject matter of the Action and all Parties to the Action, including all Settlement Class Members.

3.   Plaintiffs' Counsel are hereby awarded attorneys' fees in the amount of 25% of the Settlement Fund, and $81,134.49 in payment of Lead Counsel's litigation expenses (which fees and expenses shall be paid from the Settlement Fund), which sums the Court finds to be fair and reasonable.  With respect to attorneys' fees, Lead Plaintiff has presented evidence, confirmed by the Court's own experience, that 25% is on the low end of the normal range for similar cases.  With respect to litigation expenses, the Court notes that Lead Counsel's actual expenses are far below the $200,000 estimated in the Notice to Class Members.  Lead Counsel shall allocate the attorneys' fees awarded amongst Plaintiffs' Counsel in a manner which it, in good faith, believes reflects the contributions of such counsel to the institution, prosecution, and settlement of the Action.

4.   In making this award of attorneys' fees and payment of expenses from the Settlement Fund, the Court has considered and found that:

(a)   The Settlement has created a fund of $7,500,000 in cash that has been funded into escrow pursuant to the terms of the Stipulation, and that numerous Settlement Class Members who submit acceptable Claim Forms will benefit from the Settlement that occurred because of the efforts of Plaintiffs' Counsel;

(b)   The requested fee has been reviewed and approved as reasonable by Lead Plaintiff, a sophisticated institutional investor that actively supervised the Action;

(c)   No objections to the requested attorneys' fees and Litigation Expenses were received;

  (d) Plaintiffs' Counsel conducted the litigation and achieved the Settlement with skill, perseverance, and diligent advocacy, also assigning work within its ranks efficiently and economically;

  (e) The Action raised a number of complex issues;

  (f) Had Plaintiffs' Counsel not achieved the Settlement, there would remain a significant risk that Lead Plaintiff and the other members of the Settlement Class may have recovered less or nothing from Defendants;

  (g) Plaintiffs' Counsel devoted over 2,700 hours, with a lodestar value of over $1,555,000, to achieve the Settlement, resulting in a multiplier of 1.2; and

  (h) The amounts of attorneys' fees awarded and expenses to be paid from the Settlement Fund are fair and reasonable and consistent with awards in similar cases.

5. Any appeal or any challenge affecting this Court's approval regarding any attorneys' fees and expense application shall in no way disturb or affect the finality of the Judgment.

6. Exclusive jurisdiction is hereby retained over the Parties and the Settlement Class Members for all matters relating to this Action, including the administration, interpretation, effectuation or enforcement of the Stipulation and this Order.

7. In the event that the Settlement is terminated or the Effective Date of the Settlement otherwise fails to occur, this Order shall be rendered null and void to the extent provided by the Stipulation.

8. There is no just reason for delay in the entry of this Order, and immediate entry by the Clerk of the Court is expressly directed.

SO ORDERED this 26th day of October 2020.

*Audrey G. Fleissig*
The Honorable Audrey G. Fleissig
United States District Judge